GREENFIELD and another *against* YEATES and others, for the use of the Directors of the Poor, &c. of Franklin County.

### IN ERROR.

A bond given to A. and B., who were directors of the poor, may be sued in their names for the use of the directors of the poor, though they constituted a body corporate.

Where a bond is directed by statute, to be taken by a corporate body, but no form is prescribed, it is good, though taken in the name of individual members, as obligees.

ERROR to the Court of Common Pleas of *Franklin* county.

The opinion of the court was delivered by

ROGERS, J.—It is admitted, that at the date of the bond, on which suit is brought, the plaintiffs, *Thomas Yeates, Jacob Heck,* and *Andrew Thompson,* were directors of the poor and house of employment, for the county of *Franklin.* But it is contended, that being incorporated by the act of assembly of the 11th of *March,* 1807, the suit should have been brought in their corporate name, and not in the name of the obligees, for their use. Without saying, whether a suit brought in that form, might not have been sustained, (of which there may be some doubt,) we are clearly of opinion, this action may be supported, upon the principles stated in *Long et al.* v. *Laufman et al.*, decided at this term. It is the contract of the defendants, and it is not for them to complain of a suit which has been entered in strict conformity to their agreement; *volenti non fit injuria.* The only difference between the cases is, that in *Long* v. *Laufman,* the bond was given to the commissioners for the time being, and to their successors, and in this it is to the directors individually, without binding themselves to their successors in office; although the whole contract shows, it was for the benefit of the corporation, for whose use this suit has been brought.

The next objection goes to the bond, which it is contended, is void; because, it is not taken in their corporate name. In the fourth section of the act of assembly of the 11th of *March,* 1807, they are incorporated by the name of, The directors of the poor and house of employment, of the county of *Franklin,* and are directed to appoint a treasurer annually, who shall give bond, with sufficient surety for the faithful discharge of the duties of his office. Although the bond is ordered, yet the form is not prescribed; and I am unwilling to believe, that where the provisions of the act of assembly have been substantially complied with, it avoids the bond. And this seems to be the distinction in *Armstrong et al.* v. *The United States,* 1 *Peters' Rep.* 47. "Where a bond, required by a statute,

(Greenfield and another *v.* Yeates and others, for the use of the Directors of the Poor, &c. of Franklin County.)

is taken, it ought to conform in *substance at least,* to the requisitions of the statute; and if it go beyond the law, it is void, at least, as far as it exceeds those requisitions." And in *The Bank of the Northern Liberties* v. *Cresson,* 12 *Serg. & Rawle,* 314, inasmuch as the statute did not prescribe the form of the bond, a variation from the requisitions of the statute, was held, not to avoid the contract. And the case was illustrated by a decision which had been had on the statute, 23 *Hen.* 6, restricting bail bonds to be taken by sheriffs. The nature and form of the security are given by statute; it is to be by bond, and, therefore, an agreement in writing, made by a third person, is void; because, the statute giving the bail bond, declares, " that if the sheriff takes an obligation in any other form, it shall be void; but if a bond is given to the plaintiff in another form than that which the statute prescribes, it is valid." 12 *Serg. & Rawle,* 314. 2 *Saund.* 60, *a. No. 3.*

It would appear to be reasonable, that corporations should have the same power as individuals, and in such case, a bond, taken in the name of another, is good; and where the interest appears, it is protected by the court. Besides, if the corporation cannot recover on the ground that the instrument is void, the same rule must apply where they are defendants. In *Pennsylvania,* bank bills are not always taken in the name of the company. It would be dangerous to establish a principle, which would cut the banks loose from such contracts.

Judgment affirmed.