*Court of Common Pleas, Dauphin County, March 30th, 1867.*

YOUNG ET AL. *v.* MACHAMER ET AL.

A bond given to the township auditors by a supervisor to secure the faithful performance of his duties is valid; but it must be sued upon in the name of the township.

The fact that the bond was never approved by the township officers, and was given by only one supervisor, when there were two in the township, does not render it void.

CHARGE OF THE COURT.—This suit is brought upon a bond in the name of the township auditors, conditioned that Charles Machamer shall properly perform his duty as supervisor of Wiconisco township for the years 1862–63. The bond is intended to be taken under the act of March 16th, 1860, requiring such officers to give security; but is very inartificially drawn, being made payable to the auditors of the township and their successors in office, instead of being drawn in the name of the township itself. It is without date; but there is no difficulty as to the time it is intended to cover. The suit is not brought in the names of the proper parties, as that of the township should have been used instead of the auditors for the time being. The latter error may readily be amended by striking out those names and inserting that of the township, and we must treat it as thus amended, if necessary. The main question is, does the bond substantially comply with the statute? Although the bond is directed to be taken in the name of the township, yet that was held not to vitiate in Greenfield et al. *v.* Yeates et al. (2 Rawle, 158), where a form of bond is prescribed, yet it does not say it shall not be taken in other form. The act may be considered as merely directory (3 W. & S. 324–327). Where a bond was taken in the name of the township auditors and was sued for the use of the township, held to be a good obligation, and the suit sustained (4 Casey, 186). The same decided in substance in Glover *v.* Wilson (6 Barr, 290). So, where a bond was taken in the names of road commissioners, and sued in that of the township, held good (Anderson *v.* Hamilton Township, 1 Casey, 75). So that it would seem that this suit could be sustained as brought or amended, and then the bond be valid. Although not precisely in the words of the statute, yet the condition is no more onerous than prescribed, which appears to be the principal requisite (1 W. & S. 261). The surety is bound, as far and as fully as the principal (6 Barr, 290; 5 W. & S. 21).

And where several conditions are mentioned in a bond, some being more onerous than the statute prescribed, yet held good for those directed by law, wherever the acts are capable of severance (Speck *v.* Commonwealth, 3 W. & S. 324; 5 W. & S. 21; 1 W. & S. 261).

[Adose et ux. *v.* Fossit.]

It has been suggested that this bond was never approved by the township officers; but the fact of holding and bringing suit upon it is some evidence of approval. Besides, that was not intended for the benefit of the supervisor or his surety, but for the township. The principal and surety cannot take advantage of the want of approval (7 Barr, 240; 1 W. & S. 261).

It is said that the bond should have been given by both supervisors, and the amount settled against both. The act of 1860 (P. L. 175) authorized separate bonds, and if the security is several, the settlement of the account must almost necessarily be so, else it could not be told how much each was to pay on his bond. Such settlement must always be made before the township auditors, and if unappealed from is conclusive (Dyer *v.* Covington Township, 4 Casey, 186).

We see nothing in the way of a recovery by the township. You will give a credit for $7.10, spoken of by the witness, and compute interest after thirty days from the time of settlement, the statute requiring the balance found due to be paid within that time. Judgment will, therefore, be rendered in favor of the plaintiff for $415.40.

*McAlarney, for plaintiff.*

*Kunkel and Simonton, for defendant.*