Labauve, J.
The appellant is sued upon a bill drawn by him, dated 4th of July, 1863, on Thomas Reddington, of Brownsville, Texas, for $1,000, and payable on demand.
The plaintiff alleges that he resides in New Orleans; that said draft was presented to said Thomas Reddington, time and again, in Brownsville, shortly after it was drawn, and he verbally accepted the same, and has repeatedly since said date, and at other times and places, promised to pay said draft as an accommodation acceptor; that he did not cause the said draft to be protested for non-payment, because the drawer had no funds in the hands of the acceptor at the time of drawing the bill, nor at any time subsequently. He prays judgment for $2,000, with interest, from 4th July, 1863. A final judgment by default was rendered against Thomas Reddington, the drawee and acceptor, for $1,000 in gold, or its equivalent in currency, with interest. This judgment was not appealed from.
H. Bidwell, the drawer, answers by a general denial, and specially that he was not notified of the protest and dishonor of the draft, and that in the opinion of defendant the draft had been paid long ago, and the present holder has no right to, interest or claim in the same; that in point of fact, there is no longer any property or right in the draft sued on, and this fact is well known to S. Prank, the original holder of the draft, and that this suit to recover on this bill is fraudulent, and w thout any foundation. After the filing of this answer, plaintiff filed a supplemental petition, alleging that about the 1st May, 1866, in the store of D. Bloom, Stern & Co., No. 63 Customhouse street, and before and since, said H. Bidwell, the drawer, acknowledged Ms liability, and as drawer promised *46 to pay the draft; admitted that it had not been paid by him or the acceptor, and that he had no funds in the hands of Reddington, and moreover, he admitted that the draft was given for goods at gold price. The answer to this reiterates the defence set up in the original answer.
The Court, after hearing the evidence, gave judgment against H. Bid-well, anil he appealed.
The plaintiff, having failed to protest the draft, and give notice to the -drawer to recover,.must show that the drawer had no funds or effects in the hands of the drawee, nor had any reason to expect that the draft would be honored. Williams vs. Brashear, 19 L. 370.
And to recover upon the alleged subsequent promise to pay, plaintiff must show that the promise was made by defendant, with a full .knowledge of his discharge. 1 R. 572. 2 R. 158. 7 R. 418. 10 R. 40-61. 12 R. 231. 2 A. 824.
• It appears by the testimony, .that when the draft was presented to Reddington, the drawee, he answered: "that he would pay it, if he had the money.” That does not mean that he had no funds or effects of the drawer in his hands; if anything, it admits impliedly his liability to pay, and .does not negative the presumption that he had funds of the drawer; and this is corroborated by the testimony of Currier, who says “thatBidwell and Reddington were doing business in Brownsville, and that Reddington yras owing Bidwell and witness $2,000.” Another witness, Tabor, testified that Bidwell and Reddington were doing business in Brownsville in 1863. We are of opinion that the plaintiff should show a notice to the drawer of non-payment.
The. subsequent offer of Bidwell to pay $400 cash, and give the note of Reddington for the balance, which offer was refused, does not bind Bid-well; it is in the nature of a compromise and conditional; a promise to pay must be absolute; besides, it is not shown that this offer was made with a.full knowledge of his discharge.
But the plaintiff contends that the defendant pleaded payment, and admitted the debt by that plea. The expression is thus: That in his opinion the draft has been paid tong ago. This means that it has been paid by some one that was liable; he does not say that he has paid it himself; he alleges a fact not apparently within his knowledge. The plea of payment relates particularly to transactions between plaintiff and defendant, and exclusively to sums paid by the latter in discharge, or in part payment of the plaintiff’s demand. 17 L. 259. 1 A. 254.
Upon the whole, we are of opinion that the plaintiff has failed to make out his case against Bidwell.
It is therefore ordered .and decreed that the judgment appealed from be annulled and reversed;, it is further ordered and decreed, that there be a judgment in favor of defendant, Bidwell, and that plaintiff pay the costs- of. .this appeal and those below, so far as this defendant and appellant is concerned.
Rehearing refused.