### TAYLOR M. RUNDLETT *versus* GEORGE SMALL.

When a legal appropriation of a payment has been made upon one of two or more claims of one creditor against the same debtor, one of the parties, alone, cannot change that appropriation, but it may be changed by the consent of both; and in such case the indebtedness first discharged is revised by implication of law, where there is no express promise.

Where it is competent to show what testimony a witness had given at the trial of a former suit between the same parties, it is not necessary to call the same witness to prove it, although he is then present in Court, and was called at the former trial by the same party who would now show what his testimony then was, but it may be shown by other witnesses.

Where a witness is called to prove the consideration of certain notes, not declared on in the present suit, and the appropriation of certain payments, and produces a daybook and leger, kept by him and belonging to the party calling him, to enable him to testify with more accuracy, and it appears from him that there was also a journal kept, containing an abstract of the daybook, not present, this does not prevent the witness from giving such testimony, without producing such journal.

AT the trial of this action before WHITMAN C. J. the defendant consented, after the testimony was all out on both sides, that the cause should be taken from the jury, and to have a default entered, with the understanding, that if the rulings of the presiding Judge were erroneous, a new trial should be granted.

The opinion of the Court states the ground of the action, and sufficient of the facts proved, to show the subject matter of the rulings, the objections made, and the rulings of the presiding Judge.

*Howard & Shepley* argued for the defendant, and

*W. P. Fessenden & Munger,* for the plaintiff.

The opinion of the Court was by

TENNEY J. — This action is for the recovery of a sum of money paid by the defendant and indorsed on a note, dated July 1, 1840, for $337,54, in six months and interest after, and as the plaintiff contends, afterwards allowed on an account in his favor against the defendant.

It is not in controversy, that there were paid and indorsed on the note the sum of $100, Dec. 28, 1840, and. the sum of $200, Jan. 27, 1841, and the note afterwards taken up on payment of the balance. It is proved, that on the 27th Jan. 1843, the plaintiff brought an action against the defendant, declaring upon a note dated July 15, 1841, for $127,41, and on a balance of account for $212,03; and after the same action was entered in Court, the defendant offered to be defaulted for the sum of $145, and defended against the balance of the claim. The plaintiff attempted to show in the trial of the action at bar, that the defence in the former suit was, that the said sums of $100, and $200, were paid upon the account, and not upon the note of July 1, 1840, and that the indorsement upon the latter was erroneous; and that this appeared from the testimony of John M. Small, on his cross-examination, he having been called by the plaintiff, to show that he had authority from the defendant to draw certain orders in the defendant's name; that upon this evidence of the misappropriation, and the intimation of the Court, that the claim upon the account could not be sustained, the sum offered was accepted, and judgment rendered for the plaintiff for the same. For the purpose of showing that such were the proceedings and facts, the testimony of John M. Small, on the former trial was offered, and allowed to be proved by another witness, though objected to by the defendant, "inasmuch as he was in the court house at this trial, and was summoned and used as a witness by the plaintiff, in the former suit."

A witness, who had been the plaintiff's book-keeper testified to the identity of his daybook, leger, cashbook, charges, &c. which books contain items of debt and credit, tending to show the origin of the notes, and the appropriation of pay-

ments made, &c. On cross-examination, he stated, that the figures in the leger in one of the columns referred to pages of the journal, so called, and that this journal was in Boston. The defendant called for the journal, and objected to the proof of its contents, unless it was produced. But the Judge overruled the objection, and permitted the witness to swear, that the journal was an abstract of the daybook, and not a copy, and that to the best of his recollection, it *contained* nothing excepting what was in the daybook and leger.

Was the testimony of John M. Small in the trial of the former action improperly allowed to be given in evidence by another witness? Whenever a legal appropriation of a payment has been made upon one of two or more claims of a creditor against the same debtor, one of the parties cannot change that appropriation; but it may be changed by the consent of both, and in such case the indebtedness first discharged, is revived by implication of law, when there is no express promise. If a debtor insists upon a different appropriation from that first made, and the creditor consents, that the change may take place, by word or act, and it is made, the former cannot insist that the debt, to which the payment was first applied is not in force. In the trial of an action upon one of several debts in favor of the same individual against a debtor, if it is insisted that a payment made, and indorsed or credited upon another claim, should have been applied to the reduction of the one in suit, and the creditor assents thereto, and the appropriation is made accordingly, and judgment taken for the balance only, the debtor cannot have the benefit of the payment on both demands, but there would be a revival of the debt first paid.

In the case at bar, the question was, whether such part of the payment made and indorsed on the note of July 1, 1840, as was sufficient to discharge the balance of the account, claimed in the first suit, was allowed thereon, in consequence of said claim being defended upon the ground of the misappropriation, the testimony of John M. Small, a witness, whom the plaintiff could not impeach, and the intimation of

Rundlett *v.* Small.

the Court that the defence was made out. If all these facts should be settled, as the plaintiff insists they were, it amounts to a consent of the parties, that the payment should be applied to the account instead of the note ; and consequently the indorsement made upon the latter would not be regarded a discharge of that debt. It was competent for the parties to show what took place at the trial of the former suit, and the defendant does not object to its propriety. The plaintiff did not rely upon facts which might be within the knowledge of John M. Small at the time of the trial of the present suit, but upon his testimony given in the other. That testimony is not attempted to be impeached as erroneous by him ; but this action is sought to be maintained on the assumption, that it was true, and produced the result of the former suit; that testimony was a part of the *res gesta,* under the issue presented in the trial of this action, and could be proved as well by a witness who heard, as by the one who gave it ; and the fact, that John M. Small was summoned and used by the plaintiff as his witness in the former suit, does not render the evidence allowed objectionable.

2. The plaintiff did not rely upon any thing contained in the journal to support the claim declared on. The books introduced enabled the witness to testify to facts, and it appeared that the journal was abstracted from the daybook ; the defendant could not be prejudiced by the absence of the journal.

*Exceptions overruled.*