MORRIS H. FLARSHEIM *vs.* FRED BRESTRUP.

May 19, 1890.

**Application of Payments.**—After acquiescing in the application of a payment in extinguishing one demand, and accepting the benefit of it for that purpose, a debtor cannot avail himself of the same fund to extinguish another demand, although, when he made the payment, he directed its application on the latter.

**Power of one Partner to bind All.**—The rule that each partner has authority to bind all the partners, in relation to the firm business, applied to the facts of this case.

Appeal by plaintiff from an order of the district court for Rock county, *Perkins*, J., presiding, refusing a new trial after verdict for defendant.

*Daniel Rohrer,* for appellant.

*F. E. Brown,* for respondent.

MITCHELL, J. It seems to us that a plain case has been obscured by much argument. A statement of the facts in chronological order will present the only point involved. March 7th plaintiff sold to defendant (who was in the saloon business) a bill of goods on 60 days' credit. April 1st defendant took into partnership one Sophy, who assumed half the liability for the debts, and became half owner of the goods in the business; in other words, all existing liabilities incurred by defendant in the saloon business became, as between defendant and Sophy, partnership debts. It does not appear that plaintiff ever knew of this partnership, but that fact is immaterial. On April 16th and April 17th or 18th and on May 17th, respectively, the plaintiff sold to the firm (but in the name of defendant) three other bills of goods, each also on 60 days' credit. On May 14th defendant paid plaintiff $50 to apply on the bill bought March 7th, and on June 18th gave plaintiff a check for $100, post-dated July 5th, to apply generally on account, a statement of which was then presented by plaintiff, which included the bill of March 7th. On July 23d plaintiff presented to Sophy, in defendant's absence, an account which contained the last three bills of goods, (but not that of March 7th,) on which was credited the $150 previously paid by defendant, leaving a balance of $159, which Sophy paid, and plaintiff receipted the account. At this time Sophy in fact knew nothing about the bill of March 7th, or about the payments made by defendant, but merely paid the balance of the account as presented by plaintiff. All three payments—the two made by defendant as well as that made by Sophy—were made with partnership funds. Plaintiff now sues defendant for the bill of March 7th, and defendant pleads payment by the $50 paid May 14th, and the $100 check given June 18th—the same money, it will be observed, for which credit was given and accepted on the three later bills. It would seem that to state the facts is to decide the case. It is immaterial what application of the payments was directed when they were made, or what application the law would make if the parties had made none. If a particular application was directed at the time of payment, it was competent for the parties, by

mutual consent, to change it afterwards; or, if no application was made at the time, it was competent for the parties afterwards to agree on one different from what the law would have made.    The bill of March 7th had, as between defendant and Sophy, become a partnership debt as much as the later bills, and all the payments were with firm funds.    The plaintiff on July 23d gave and the firm accepted credit for both the $50 and the $100 on the three last bills, and it cannot be permitted that a debtor, after acquiescence in an application in extinguishment of one demand, and acceptance of the benefit of it for that purpose, may turn around and attempt to avail himself of the same fund to extinguish another demand for which he may have originally designed it.    The facts that defendant was not present when Sophy accepted the credits on the last three bills, and that Sophy did not then know what application defendant had directed when he made the payments, are wholly immaterial.    All of these matters were partnership business, as to which each partner was the agent of the other, and the act of one bound both.    Without particularizing, it will be seen that the court submitted the case to the jury upon an entirely different theory of the law from that which we have expressed, and for such error a new trial must be granted.

Order reversed.