KENDALLVILLE LUMBER COMPANY *v.* BURGER ET AL.

[No. 13,124.   Filed August 29, 1928.   Rehearing denied November
21, 1928.   Transfer denied February 15, 1929.]

*Redmond & Emerick,* for appellant.

*Fred L. Bodenhafer* and *Clarence R. Finley,* for appellees.

REMY, J.—During the years 1925 and 1926, appellee Flesher was a building contractor in the city of Kendallville, and, in February, 1926, entered into a contract with appellees Burger and Burger, husband and wife, to build for them a residence on a city lot owned by them as tenants by entireties; by the terms of the contract, Flesher was to furnish, for an agreed price, all necessary labor and materials. At the time of the execution of the contract with the Burgers, Flesher had under construction a residence for Ronald Jones with whom he had a similar contract. The building material for the two jobs was purchased by Flesher from appellant lumber company. As the material was delivered, appellant charged the same to Flesher, the material for the Burger job being specifically designated on separate ledger sheets of its books for that job, and the material for the Jones job was so designated on other ledger sheets. As the work progressed, the Burgers paid Flesher for the lumber he had purchased of appellant for their job, except a balance of $73.29. A much smaller payment had been made by Jones. On July 10, 1926, Flesher paid to appellant $1,686.55, but did not at the time give any directions as to which account the payment was to be applied. Thereupon, appellant gave credit to Flesher on his account for materials purchased for the Jones job and so notified Jones. On October 4, 1926, Flesher made inquiry of appellant as to which of his accounts had been given credit for the $1,686.55 paid, and, upon being informed that the Jones account had received the credit, Flesher stated that it had been his intention to have the payment applied to the Burger account, because the Burgers had been prompt in paying him. It was

then agreed between appellant and Flesher that the credit should be transferred on the books of appellant company from the Jones account to the Burger account, and it was so transferred. Thereafter appellant, without the knowledge of Flesher or the Burgers made a second transfer on its books of the $1,686.55 credit, transferring the same back to the Jones account, where it had been entered originally.

Notice of the filing of a lien having been given, suit was commenced by appellant Kendallville Lumber Company against appellees Burger and Burger to foreclose its lien for the material furnished for their job.

On the trial of the cause, with issues properly formed, the above facts were established by the evidence, and the court found for appellant, but gave credit for the $1,686.55.

The question for determination by this court is whether the Kendallville Lumber Company, the creditor, and Flesher, the debtor, could, by agreement, without Jones' consent, change the credit of $1,686.55 from the account for the Jones job to the account for the Burger job; and, if so made, could the lumber company change the credit back to the Jones account without the consent of the Burgers.

It is a well-established principle that a debtor in making a voluntary payment to a creditor to whom he owes more than one debt may direct the application of the payment. *Conduitt* v. *Ryan* (1891), 3 Ind. App. 1, 29 N. E. 160. The reason for the rule is that up to the time of payment the money is the property of the debtor, and subject to his control. *Baum* v. *Trantham* (1894), 42 S. C. 104, 19 S. E. 973, 46 Am. St. 697. If, however, the debtor does not direct the payment, then the creditor may apply it to the payment of any fixed and past-due money obligation of the debtor. *Barrett* v. *Sipp* (1912), 50 Ind. App. 304, 98 N. E. 310.

So, in the case at bar, Flesher could have directed the payment to be credited to either of the accounts, but, having failed so to do, appellant could, as it did, apply it on the account for materials furnished for the Jones contract. Appellant concedes the law to be as stated, but contends most earnestly that the application of the payment of July 10 was irrevocable, that it could not have been changed, even by agreement of the debtor and creditor. We do not so understand the law. It is not contended that there was any fraud, and none is shown. It does not appear that Jones or any third party was misled to his disadvantage by reason of the application of the payment as first made; and neither Jones nor any other third party was made a party defendant, or is now making any formal objection to the application of the payment as agreed upon by the debtor and creditor. The Supreme Court of Maine, in *Rundlett* v. *Small* (1845), 25 Me. 29, a case involving the same principle as the instant case, stated the law to be: "Whenever a legal appropriation of a payment has been made upon one of two or more claims of a creditor against the same debtor, one of the parties cannot change the appropriation; but it may be changed by the consent of both, and in such case the indebtedness first discharged is revived by implication of law, when there is no express promise." In a like case, the Supreme Court of Minnesota, in *Florsheim* v. *Brestrup* (1890), 43 Minn. 298, 45 N. W. 438, used the following language: "It is immaterial what application of the payments was directed when they were made, or what application the law would make if the parties had made none. If a particular application was directed at the time of the payment, it was competent for the parties, by mutual consent, to change it afterwards; or, if no application was made at the time, it was competent for the parties afterwards to agree on one different from what the law would have made."

See, also, *Hughes* v. *McDougle* (1861), 17 Ind. 399; *Hahn* v. *Geiger* (1900), 96 Ill. App. 104; *Mack* v. *Adler* (1884), 22 Fed. 570.

We hold that, under the facts of this case, the debtor and creditor, on October 4, 1926, had the right, by mutual consent, to change, as they did, the application of the payment previously made, and, having done so, it was not thereafter within the power of the creditor at its own instance to change the credit so made.

Affirmed.