#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1848, IN THE THIRTY-SECOND YEAR OF THE STATE.

---

## TAYLOR and Others *v.* JONES.

Assumpsit against *A., B., C., D., E.,* and *F.,* on a promissory note. Plea, the general issue, sworn to by *C., D., E.,* and *F.* It was proved on the trial, that the names of the defendants had been put to the note by *A.,* who was authorized to sign the names of *B., E.,* and *F.;* but there was no proof of his authority to sign the names of *C.* and *D.* The plaintiff then, by leave of the Court, amended his writ and declaration by striking out the names of *C.* and *D.;* the remaining defendants, on account of said amendment, moved for a continuance, at the plaintiff's costs, but the motion was overruled, and the note, though objected to, was admitted in evidence. *Held,* that there was no error in these proceedings.

A person holding several notes payable to himself and others, and also a note as agent of *B.,* the payee, (all of which notes were made by the same persons,) received payment in part from the makers, nothing being said as to the appropriation of the payment. In a suit afterwards brought by *B.* on the note of which he was payee, it appeared that no part of said payment had been received by him, and that no part of it had been specifically applied to any of the notes. *Held,* that the defendants could not, on the trial, claim that any part of said payment should be applied to the note sued on.

ERROR to the *Vigo* Circuit Court.

*Monday, May 22.*

SMITH, J.—Assumpsit by *Jones* against *Taylor, William Hendry, John Hendry, Smith, Youmans,* and *Justice.* The first count of the declaration is upon a promissory note

made by the defendants in favor of the• plaintiff. The second count is for goods sold, money had and received, &c. The defendants pleaded the general issue, and the plea was sworn to by *Youmans, John Hendry, Smith*, and *Justice*. The cause was submitted to the Court who found for the plaintiff. A motion for a new trial was overruled, and judgment for the full amount of the note was rendered against *Taylor, William Hendry, Youmans* and *Justice*.

It appears from the evidence, which is all set out in the record, that, in the winter of 1839, *Samuel Taylor* and one *Moses Hendry* went to *Coles* county, *Illinois*, to purchase hogs. They bought hogs of the plaintiff and several other persons, the said *Taylor* executing notes for the payment, one of them being that now sued upon. *Taylor*, himself, signed all the names to the notes. In *August*, 1840, *Benjamin F. Jones*, a witness upon the trial in the Circuit Court, with his brother *William R. Jones*, went to *Roseville, Parke* county, in this state, to see the defendants and endeavor to collect from them the amount of the note described in the declaration, and also the amounts of several other notes of the same kind due to the witness and other persons of whom hogs had been purchased. The witness there saw *Taylor, William Hendry, Youmans*, and *Justice*, who made no objection to the validity of the notes, but being unable to pay the sum due for all of them then in possession of the witness, they procured 400 dollars which they paid to him. No part of this sum had been paid to the plaintiff, and the witness stated that no part of it had yet been specifically applied upon either of the said notes.

The plaintiff having failed to prove any acknowledgment on the part of *Smith* and *John Hendry* of their liability upon the note in suit, then, by leave of the Court, amended the writ and pleadings by striking out the names of those persons, and offered the note in evidence except the names of the said *Smith* and *John Hendry* appearing thereto. The note was permitted to be so given in evidence, notwithstanding the objection of the defendants.

The bill of exceptions states that when the witness,

*Benjamin F. Jones*, said that no part of the sum of 400 dollars received by him had been applied to the payment of either of the notes, the defendants claimed that it should be applied to the payment of the note sued upon. No further notice appears to have been taken of this claim. It also appears that when the plaintiff amended the writ and declaration by striking out the names of *Smith* and *John Hendry*, the defendants moved the Court for a continuance at the plaintiff's cost, which motion was overruled.

The R. S. c. 40, s. 98, authorize the plaintiff, during the progress of a trial, to amend his writ and pleadings by striking out the names of one or more defendants when there are several. The defendants contend that this section was intended to apply only to actions *ex delicto*, but as the provision in terms embraces all actions, we can perceive no good reason for so limiting its meaning.

Such an amendment, at the time and in the manner it was made in this case, does not entitle the adverse party to a continuance under the statutory provisions. R. S. c. 40, ss. 231, 232.—*M'Kinney* v. *Harter*, 7 Blackf. 385.—*Saxton* v. *The State*, 8 *id.* 200.—*Roberts* v. *Ward*, *id.* 333.

We think there was no error in permitting the note to be given in evidence under the circumstances disclosed. *Smith* and *John Hendry* having denied the execution of the note under oath, and there being no proof that *Taylor* was authorized to affix their signatures to it, it must be concluded that those signatures were made without authority and amount to nothing. The note must be regarded as having been made by the persons who authorized their names to be signed to it, and the fact that other names were written under theirs without authority ought not to prevent a recovery against them. Such names may be rejected as surplusage.

The defendants also contend that, upon their request, the Court should have directed the 400 dollars paid to the witness, *B. F. Jones*, or at least a portion of that sum, to

*May Term, 1848.*

TAYLOR
v.
JONES.

be applied to the payment of the note sued upon. No doubt, at the time that sum was paid, the defendants had the right to direct its application to the payment of any of the notes then in the hands of *B. F. Jones* as agent of the owners, but as they do not appear to have given any such direction, it then became competent for the several owners of the notes to direct the application; and even if they had not done so up to the time of the trial, as it is shown the plaintiff had received no part of it, the payment to *B. F. Jones* was no payment to him. The plaintiff might, perhaps, upon proper proceedings being had, have compelled *B. F. Jones* to apply a *pro rata* proportion of the sum received by him to the note now sued upon, but this could not be done by either of the parties or by the Court in the absence of the owners of the other notes. The general rule is, that if there has been no actual appropriation by the debtor at or before the payment, his right to control the application is gone; but even supposing that up to the time of this trial, the money paid by the defendants remained in the hands of *B. F. Jones* unapplied, and that, as they contend, they still had the right to direct its application, as *B. F. Jones* had then parted with the note and was no longer the plaintiff's agent for its collection, a direction to him to apply the sum received, or a part of it, in payment of the note in suit, was no payment unless he actually did at the time make such application.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Kinney, S. B. Gookins,* and *R. W. Thompson* for the plaintiffs.

*J. P. Usher* and *J. H. Henry,* for the defendant.