## SLAUGHTER & CROSBY *v.* MILLING, Sheriff, et als.

The debtor has the right to declare, when he makes a payment, what debt he intends to discharge; and if he does not make the imputation of payment, the law makes it for him, and declares that the payment must be imputed to the debt, which it was most to the interest of the debtor to discharge, of those debts equally due, otherwise to the debt which has fallen due, though less burdensome than those which have not yet fallen due.

The imputation, when made by the creditor, must be accepted by the debtor, to be binding on him.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiffs and appellants. *W. J. Q. Baker*, for defendants.

LAND, J. This is a third opposition, in which the plaintiffs claim to be paid by preference out of the proceeds of the sale of a tract of land seized and sold by the Sheriff.

The alleged ground of the preference is, that plaintiffs are creditors of the debtor, by virtue of the transfer of a judgment older in date and in registry than the judgments of the seizing creditors, and that the land seized is the only property of the debtor on which their judgment can operate as a judicial mortgage.

The defence made by the seizing creditors to the third opposition is, that the judgment on which it is founded has been paid and extinguished by the debtor.

It appears that the plaintiffs, or third opponents, were merchants with whom the debtor, *Evans*, was dealing, and with whom he had running accounts from year to year. And that after the date and registry of the judgments of the seizing creditors, the debtor made payments to the plaintiffs, (to an amount exceeding the judgment on which they now claim a priority of mortgage,) after the date of the transfer of the judgment to them; but, *that the payments were made without any imputation by the debtor*.

The debtor has the right to declare, when he makes a payment, what debt he intends to discharge; and if the debtor does not make the imputation of payment, the law makes it for him, and declares that the payment must be imputed to the debt which the debtor had at the time most interest in discharging, of those equally due, otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable. C. C. 2195, 2162.

The imputation, when made by the creditor, must be assented to by the debtor, in order to be binding on the latter. C. C. 2161. The imputation made by the creditor, in this case, to the accounts due him, cannot be considered as binding on the debtor, for the reason, that the creditor declared to him " that his whole debt had been assumed by a third party, and that he did not look to him for any debt." This declaration was made, it seems, before the payment by the third party, and before the accounts were rendered, and the debtor cannot be considered, under these circumstances, as assenting to the imputation, when he supposed that he had no interest in making it. The payment must, therefore, be considered as having been imputed by operation of law to the judgment, which was thereby extinguished.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.

*Note.* There is no evidence that the imputation of payment was with the assent, or upon an agreement with the " *third party* " who had assumed the payment of the debts.