THE FIRST NATIONAL BANK, of Fargo, Plaintiff and Appellant, *v.* MATILDA M. ROBERTS and THOMAS W. HANSON and GEORGE E. OSGOOD, Co-Partners as HANSON & OSGOOD, Defendants and Respondents.

**Payment — Application — Notice — Pleading — Weight of Evidence.**

1  Evidence *held* sufficient to sustain verdict of payment.

2.  Allegation of payment in answer upon information and belief *held* sufficient.

3.  It is not necessary that a debtor should direct application of payment at the precise time the money is paid. A direction some time

prior to such payment, but not changed at or before such payment, is a manifestation at the time of the intention or desire of the debtor as to the application of such payment, within the meaning of § 3457, Comp. Laws.

4. A different application by the creditor will not bind the debtor, who has no knowledge thereof; and the delivery by the former to the latter of a roll of notes of the latter, which does not include the note which the debtor directed should be paid out of the money received by the creditor does not constitute constructive notice of the creditor's different application of the payment, where such delivery is accompanied by a statement naturally inducing the belief that the debtor's direction has been obeyed.

(Opinion filed Aug. 29, 1891. Re-hearing denied Sept. 25, 1891.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*Stone, Newman & Resser,* for appellant. *Benton & Amidon, Ball & Smith,* and *M. A. Hildreth,* for respondents.

Action by the First National Bank, of Fargo, against Matilda M. Roberts and others on a promissory note. Judgment for defendants. Plaintiff appeals. Affirmed.

Stone, Newman & Resser, for appellant.

The answer of the defendant Roberts was frivolous and judgment should have been rendered against her on application. San Francisco Gas Co. v. San Francisco, 9 Cal. 453; Humphrey v. McCall, 9 Cal. 59; Brown v. Scott, 25 Cal. 190; Wing v. Dugan, 8 Bush 583; Shearman v. Mills, 1 Ab. Pr. 187; Bliss on Code Pleading, § 326. The pleader must allege positively that which is presumptively within his knowledge or which he has the means of ascertaining definitely. Stacy v. Bennett, 18 N. W. Rep. 26; Morton v. Jackson, 2 Minn. 219; Smalley v. Isaacson, 42 N. W. Rep. 352. The main question involved is, does the record show the note in suit to have been paid? The request of defendant's agent that the note be paid out of the proceeds of a certain loan, if made as claimed, was not such a direction as would, under the code, bind plaintiff; but assuming even that such directions were sufficient and had not been changed, the action of defendant Roberts in receiving from plaintiff the

notes paid by the loan and retaining them, without complaint or objection for more than two years, and for more than one year after she admits knowledge that the note in suit was not among them, and never claiming to plaintiff until the trial of this action that the loan was not properly applied, was a ratification of the application made by plaintiff of the money received from that loan. Cardinele v. O'Dowd, 43 Cal. 586; McLean v. Hunsicker, 30 La. Ann., Part 2, 1225; Penn. Coal Co. v. Blake, 85 N. Y. 226; Flarsheim v. Brestrup, 45 N. W. Rep. 438; Shaw v. Bank, 16 Ala. 708; Munger on App. of Payments, 63; Cox v. Wall, 11 S. E. Rep. 137. On the point that Hanson & Osgood were principal debtors and their obligation original and not collateral, counsel cite: Brown v. Curtis, 2 N. Y. 225; Pitts v. Congdon, 2 N. Y. 352; Cardell v. McNeil, 21 N. Y. 336; Milks v. Rich, 80 N. Y. 269; Sheldon v. Butler, 24 Minn. 513; Johnson v. Gilbert, 4 Hill 178; Durham v. Manlow, 2 N. Y. 533; Nichols v. Allen 22 Minn. 283.

Benton and Amidon, for respondents:

The defendants had a right to allege payment of the note upon information and belief.    Bennett v. Leeds Manufacturing Co., 110 N. Y. 150; Cumins v. Lawrence Co., 46 N. W. Rep. 182.    The request of Charles A. Roberts that the note be paid out of the Erskine loan was a sufficient direction to satisfy the statute.    Went v. Ross, 33 Cal. 650; Clark v. Scott, 45 Cal. 56. To constitute ratification the acts set up for that purpose must have been done with full knowledge of the material facts.  Dean v. Bassett, 57 Cal. 640; Owings v. Hull, 9 Pet. 607, 629;  Bennecke v. Insurance Co., 105 U. S. 355; Seymour v. Wickoff, 10 N. Y. 213.   On the question whether the defendants Hanson & Osgood are guarantors or principal debtors, with respect to the note in question: Leonard v. Vredenburg, 7 Johns. 29; Mallory v. Gillett, 21 N. Y. 412;  White v. Rintoul, 108 N. Y. 222;  Van Brunt v. Day, 81 N. Y. 251;  Irons v. Bank, 36 Fed. Rep. 843; Humphreys v. Hayes, 94 N. Y. 594; Fuller v. Tomlinson, 12 N. W. Rep. 127; Smith v. Sheldon, 35 Mich. 4—.

The opinion of the court was delivered by

CORLISS, C. J.    The defendants having obtained judgment below, the plaintiff appeals.    The note sued upon was executed by defendant Roberts, and the payment thereof was guaranteed by defendants Hanson & Osgood.    It was the last renewal of a note given by defendant Roberts to Hanson & Osgood for wheat sold by them to her.    They desiring to turn the original note into cash had it discounted by the plaintiff, they guaranteeing the payment of it.    All of the renewal notes were likewise guaranteed by them.    One of the defenses was payment. It appears that in the month of August, 1886, the plaintiff held a large amount of paper on which the defendant Roberts was liable.    About this time Mrs. Roberts secured a loan of $20,000 on her real estate from M. B. Erskine.    The understading was that the proceeds of this loan were to be paid to the bank, and applied in extinguishment of her indebtedness to the bank so far as the money would apply.    This indebtedness was somewhat in excess of $20,000.    While negotiations for the loan were progressing, the husband of Mrs. Roberts, who was agent for her in these transactions, stated to the president of plaintiff that the note sued upon in this action must be paid out of this money.    He also testifies that he never changed this application of the money, and that he did not know that the plaintiff had disregarded his instructions until the summons was served in this action.    It is true that there is a conflict in the evidence on this question.    The cashier, Mr. Lyon, states that he and Mr. Roberts went over the notes to be paid, and that he told Mr. Roberts that the plaintiff was not willing to cancel the note in question, and that Mr. Roberts consented that it should not be canceled.    It would not be urged here that the verdict of the jury should be disturbed if there was any substantial denial of Mr. Lyon's statement, but it is insisted that there is no issue in this respect.    Mr. Roberts, when interrogated on cross-examination about this alleged conversation, stated that he did not recollect anything of that kind; that he did not think that he and Mr. Lyon went over the notes; that he did not recollect it. The jury have found that he did not recollect such conversation. This is surely evidence from which the jury might find that such

conversation never took place. Moreover, Mr. Roberts distinctly swears that he never changed his direction that this note be paid out of the $20,000 loan. But it is further urged that the application of this money to the payment of this note was not made at the time of the payment of the money to the bank, but some time prior thereto; and that under the provisions of our statute, the debtor must manifest his desire as to the application of the payment at the very time the money is paid. § 3457, subd. 1, Comp. Laws. We think this a too technical construction of the statute—one which loses sight of its obvious purpose. It was not designed to change the rule of the common law. The owner of money assuredly may determine the terms on which another shall receive it from him when he voluntarily parts with it. It is his, and he may control it up to the time he surrenders his control over it. He may insist that the creditor shall apply it in a certain way as the only condition on which he, the debtor, will pay it to the creditor. It is sufficient if the will of the debtor is manifested to the creditor at the time. This is all the statute, in its most technical wording, requires. If, as in this case, in the course of negotiations and dealings connected with the future payment of money to a creditor, the debtor distinctly manifests his intention as to the application of it or of any part of it, and that purpose is not changed before the receipt by the creditor of the money, then in truth the intention—the design—of the debtor is manifested at the time the money is paid. If the statute is to have a technical construction—one which makes it necessary for the debtor to speak his mind at the precise moment he parts with the money—he must take care that no appreciable time elapses after he has expressed his will, and before he actually makes the payment. We cannot, by such an interpretation, shut our eyes to the palpable spirit of this enactment.

Some time after the receipt by the plaintiff of the proceeds of this $20,000 loan, the money being paid directly to the bank by the lender, and not by Mrs. Roberts, she was in the bank, and Mr. Lyon, the cashier, handed her a package of notes, rolled up and fastened with a rubber band, saying to her at the time, "Here are the notes which the loan was made to take up."

Mrs. Roberts did not look at the notes, but assumed that the matter was all right.    Neither she nor her husband knew that the note in suit was not in the package until after this action was commenced.    It is urged that by her conduct in accepting the package of notes as paid by the loan she ratified this, the creditor's application of the money by the creditor, and that she cannot now be heard to assert the contrary.    This reasoning assumes that she accepted these notes and assented that the note in suit should not be included.    She in fact said nothing of the kind.    Nor can she be held to have consented to this change as a matter of law.    The plaintiff, in view of the finding of the jury, had been informed that the note sued upon must be paid out of this loan.    When the cashier handed her the package of notes, stating that they were the notes which the loan was made to pay, his statement was not true, so far as that particular note was concerned.    We do not say that there was conscious falsehood on the part of Mr. Lyon.    He may not have thought anything about the direction given by Mr. Roberts to pay that note out of the loan. But certainly Mrs. Roberts might rely on the statement; and that, in the light of the original direction, was an affirmation by the plaintiff that the note in question was in the package.    The plaintiff cannot raise up an estoppel out of defendant's reliance upon the representation of one of its own officers.    We find nothing in the authorities cited opposed to our view.    The one most relied on is not at all in point.    Flarsheim v. Brestrup, 43 Minn. 298, 45 N. W. Rep. 438.    The syllabus accurately states the decision: "After acquiescing in the application of a payment in extinguishing one demand, and accepting the benefit of it for that purpose, a debtor cannnot avail himself of the same fund to extinguish another demand, although when he made the payment he directed its application to the latter."    The vital element of acquiescence in the new application by the creditor of the payment is wanting in this case.    There could be no aquiescence before suit, for neither the defendant nor her husband had any knowledge of the fact until after the action had been brought.    We will not charge this innocent defendant with constructive notice of a fact where the conduct of the plaintiff in wrapping up the notes so they would not be readily seen (without, we believe,

however, any intention to deceive), and its statement, through its cashier, that the notes to be paid by the loan were in the package, had a direct and natural tendency to cause her to believe that the fact was different from what it actually was. Against her so-called duty to plaintiff to examine the notes we offset her right to rely on the performance by plaintiff of its duty to follow her husband's instructions touching the payment of this note, and the declaration of its cashier clearly importing that this duty had been faithfully discharged. The voice that allays suspicion may not be heard to condemn or criticize because the confidence and security it inspired have produced their natural result.

It is further urged that the answer of defendant Roberts is insufficient because it avers payment upon information and belief; and it is therefore insisted that the trial court should have given judgment against defendant Roberts on the pleadings, there being no other defense set up and all the material averments of the complaint being admitted. In this connection plaintiff cites cases which hold that a denial of any information sufficient to form a belief of alleged facts, of the existence or non-existence of which it is possible for the defendant to make himself personally acquainted—as whether a certain record exists—is not a good denial. These decisions are, doubtless, sound. It being in the power of the defendant to deny positively and of his own knowledge the fact alleged in the complaint, in case it does not exist, his failure to make such positive denial is very properly taken as an admission of its existence. The courts will not suffer a litigant to close his eyes, and, hiding behind the forms of the law, delay the administration of justice. Such a denial, under such circumstances, is a palpable fraud. But the defense of payment is not necessarily within the knowledge of the debtor. In this day, when a vast volume of business is conducted by agents, payments are often made by agents without the personal knowledge of the principal. To allege such a payment in positive form would be reprehensible. The principal would be guilty of perjury. He would state that he had personal knowledge of that of which he knew he did not have personal knowledge. He must aver payment, under such cir-

cumstances, upon information and belief; the information of his agent who personally made the payment inducing belief in the principal's mind of the truth of the allegation.    It is not necessary for the defendant to set forth that the fact of payment is not within his personal knowledge, for the very form of the allegation unmistakably shows a lack of personal knowledge on his part.    Nor can this form of answer be used to retard the administration of justice.    The defendant cannot shield himself from the charge of perjury if he in fact had no information, or if his so-called belief in what he sees fit to characterize as information is but a pretense for delay.    This is not the case of a denial of information of a fact as to which information is readily attainable, but the averment of a fact upon information and belief where information may be, and often is, the only source of defendant's knowledge of that fact.    Moreover, payment is frequently made by one of several parties to an instrument, as in this case, without the personal knowledge of any of the other parties thereto.    All except the one who made the payment must allege such payment upon information and belief. The finding of payment being sustained, the other questions discussed are not involved, and hence will not be considered. The judgment and order are affirmed.    All concur.

WALLIN, J., having been of counsel, did not sit on the hearing of this case; Judge WINCHESTER, of the sixth judicial district, sitting by request.