[No. 1681.   Decided March 25, 1895.]

THE POST-INTELLIGENCER PUBLISHING COMPANY, *Respondent*, v. W. N. HARRIS *et al.*, *Appellants*.

ACTION ON BOND — EVIDENCE — VARIANCE — APPLICATION OF PAYMENTS.

Error in the description of the name of the obligee in a bond is not material, when the obligor has not been misled; and recovery may be had thereon when the complaint of the obligee alleges the execution and delivery of the bond to itself, and then sets out the bond in full.

Where payment is made to the obligee in a bond securing the payment of future debts, without directing its application to any particular debt, the obligee is not required to apply it to the debt secured by the bond, but may apply the payment upon any other debt owed him by the principal in the bond.

*Appeal from Superior Court, Thurston County.*

*John C. Kleber,* and *W. I. Agnew,* for appellants.

*Charles H. Ayer,* and *Charles M. Dial,* for respondent.

The opinion of the court was delivered by

Scott, J.—This action was brought by the plaintiff against W. N. Harris, as principal, and C. M. Moore and J. H. Wilson, as sureties, on a bond, in which the Post-Intelligencer Company is named as obligee. Judgment was rendered for the plaintiff and defendants appealed.

It is contended that the bond, being made to the Post-Intelligencer Company, could not be recovered upon by the Post-Intelligencer Publishing Company, and that it did not support the allegations of the complaint for that reason, and should not have been admitted in evidence. The complaint alleges the making, execution and delivery of the bond to the plaintiff, and then sets out the bond in full. The effect of this was to allege that it was made, executed and delivered to the Post-Intelligencer Publishing Company. It is not claimed that the defendants were misled in any way, or that there was any other corporation of the name indicated in the bond, and nothing appears to take it out of the rule that a name is only a description, and that an error in the description is not material where the parties are not misled.

The next point relied upon involves the right of a creditor to apply payments. It appears that after the bond was executed the defendant Harris paid to the plaintiff sufficient money to pay all indebtedness incurred during such time, and that he made no direction as to its application, nor did the sureties attempt to make any. The plaintiff applied a portion of it in payment of a previous debt owed by Harris to the plaint-

iff, and the appellants contend that this could not be done and insist that where the principal on a bond to secure the payment of future debts makes a payment of money to the obligee in the bond without directing its application to any particular debt, the obligee is not at liberty to apply such payment to an unsecured debt, but must apply it to the debt secured by the bond.

A number of cases have been cited by the appellants, but none of them are in point; they either relate to instances where there has been no application by the creditor, or where the money has been collected in a fiduciary capacity and paid to the proper receiver of such money, in which case it is held that the receiver cannot apply such payment to some private or other debt, to the prejudice of the bondsmen of the trustee; and none of them conflict with the well settled rule as given by Mr. Justice Story in *Cremer v. Higginson*, 1 Mason, 323:

"Where a debtor owing several debts makes any payment to a creditor, he has a right to apply it to what debt he pleases. If he makes no specific appropriation, the creditor may apply it as he pleases. And where neither party appropriates it, the law will apply it according to its own notion of the intrinsic equity and justice of the case."

The fact that some of the claims are secured does not interfere with the right of either party to make such application. *Wood v. Callaghan*, 61 Mich. 402 (28 N. W. 162, 1 Am. St. Rep. 597); *Arbuckles v. Chadwick*, 146 Pa. St. 393 (23 Atl. 346); *Speck. v. Commonwealth*, 3 Watts & S. 324.

Affirmed.

Hoyt, C. J., and Anders and Dunbar, JJ., concur.