THOMAS MURRAY V. HERMAN SCHNEIDER ET AL.

FILED APRIL 17, 1902. No. 11,501.

Commissioner's opinion, Department No. 2.

Instruction: ISSUE: EVIDENCE. Instruction complained of examined, and *held* to properly define the law upon the issue made by the pleadings, and to be applicable to the evidence given upon the trial. The instruction as given is therefore approved.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*I. J. Dunn,* for plaintiff in error.

*J. O. Detweiler* and *Martin Langdon, contra.* ·

BARNES, C.

On the 4th day of September, 1897, Thomas Murray, plaintiff in error, filed his petition in the district court for Douglas county against Herman Schneider, John Stave, William Schneider and August Schneider, to recover the sum of $254.84, with interest, upon a certain promissory note given by the said defendants to the plaintiff on February 19, 1891. This petition was in the usual form. In answer thereto Herman Schneider admitted the execution and delivery of the promissory note, and alleged that on or about the 18th day of December, 1891, Thomas Murray purchased of and from the defendant Herman Schneider certain personal property amounting to the sum of $247.10; that it was agreed by and between himself and the said Murray that this sum was to be credited upon the note in question; that he had paid the balance of the note and that there was nothing due from him to the said plaintiff,—and prayed that the action be dismissed at plaintiff's cost. The other defendants answered to the same effect, but alleged that they signed the note as security for the defendant Herman Schneider. They also alleged that the plaintiff, Thomas Murray, purchased the personal property mentioned in the answer of Herman Schneider, and agreed with them that the proceeds of this property, amounting to $247.10, should be applied upon the note in suit; that there was a further payment of $7.94 in cash, together with the interest; and they therefore denied that there was anything further due upon the note, and alleged that the same was fully paid and settled. To these answers the plaintiff filed a reply in the form of a general denial, which contained a further allegation admitting that the property mentioned in said answers was purchased by him, but that he applied the proceeds thereof to the payment of other debts of the defendant Herman Schneider. On these issues a trial was had to a

jury, and after the introduction of the evidence and the giving of the instructions by the court, the jury returned a verdict against the defendants for the sum of $66.60,— it thereby appearing that on the question of the agreement to apply the proceeds of the sale of the personal property to the payment of a portion of the note in question, the jury found for the defendants; that on the question as to whether the balance of the note had been paid or not, their finding must have been for the plaintiff. A motion for a new trial was filed and overruled, and thereupon judgment was rendered in favor of the plaintiff upon the verdict for $66.60. From this judgment the plaintiff brings the case to this court by petition in error.

In the brief of plaintiff in error but one assignment is urged upon our attention, which is that the court erred in giving instruction No. 2, on his own motion, to the jury. This instruction is as follows:

"2. The court instructs the jury as a matter of law, that a debtor has a right in paying money or transferring property to a creditor in satisfaction of his debts, to whom several and distinct debts are due; to direct to which indebtedness such a payment or transfer of property shall operate as a credit, and the creditor is bound to allow the credit for said payment or transfer of property as directed by the debtor. And should you find from a preponderance of all the evidence that the defendant, Herman Schneider, directed the plaintiff, Thomas Murray, to credit all purchases of property made at such Herman Schneider's sale upon the note herein in controversy, and should you further find that property was purchased thereat by said Thomas Murray, you are further instructed that the amount of said purchases of property are to be allowed upon said note even though you should find from a consideration of the evidence that said plaintiff did in fact credit the same upon other notes of defendant, Herman Schneider, and you are to allow all amounts of such purchases that you may find to have been so made herein as a credit upon the note in controversy."

Plaintiff contends that the above instruction is bad for two reasons: First, because it leaves out the essential proposition that the debtor must give the direction as to the credit at or before the time the payment is made, or at least before the creditor has applied the amount upon some other indebtedness which is then due; second, that the instruction does not state any issue made by the pleadings, as the pleadings are stated to the jury by the court.

We can not agree with the plaintiff in error upon his first contention. The instruction, considered according to the plain import of its language, means that the direction as to where the credit should be applied must have been given at the time of the purchase, or at the time of the agreement to purchase the property. It can not be distorted so as to mean anything else. Notice the language: "The court instructs the jury as a matter of law, that a debtor has a right in paying money or transferring property to a creditor in satisfaction of his debts, to whom several and distinct debts are due; to direct to which indebtedness such a payment or transfer of property shall operate as a credit." This certainly means that the direction was given, and must have been given, at the time of the payment or of the transfer of the property. No other time is mentioned, and no other time can be inferred by this language. Again, an examination of the evidence discloses that there was testimony to sustain the allegation that at and before the time of the purchase of the property at the sale, the matter had been talked over between Herman Schneider, the other defendants, and the plaintiff, Murray; and it was understood and agreed that the credit should be placed upon the note in suit. In fact there is no evidence in the record which shows that there was any agreement or direction at any other time. As to the second contention, it seems to us that the instruction covers the case made by the pleadings and the evidence completely. We are unable to see how it could have been worded differently and have been applicable to the pleadings and the facts disclosed by the evidence.

This instruction meets with our approval, and the court, in giving it, did not err. As this is the only proposition contended for by the plaintiff in error in his brief, all the other matters will be considered waived, and we recommend that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.