[No. 148.  First Appellate District.—October 20, 1905.]

HARRY FRUTIG, Respondent, v. J. P. TRAFTON, Defendant.  DOLA P. TRAFTON, Executrix, etc., of J. P. TRAFTON, Deceased, Substituted Defendant, Appellant.

FINDINGS—EVIDENCE—CONFLICT—PAYMENT.—Where the evidence is conflicting, its sufficiency to support a finding will not be interfered with by the appellate court.  In this case the evidence is held sufficient to support a finding that part payments had been applied by a creditor on a mortgage indebtedness due from his debtor, and not on an unsecured open account.

ID.—APPLICATION OF PAYMENTS.—Under section 1479 of the Civil Code every debtor has a right to direct at the time of payment the application of such payments as he makes to such obligations as he pleases.

ID.—DIRECTION ACCOMPANYING PAYMENT.—A direction by a debtor in a letter to his creditor, inclosing a remittance of a named sum, "to apply the same on account," without other qualifying terms, is not a direction to apply the payment to any particular obligation due the creditor.

JUDGMENT FOR SATISFACTION OF MORTGAGE—LIMITING TIME FOR PAYMENT.—A judgment directing the satisfaction by a mortgagee of an overdue note and mortgage, upon the payment into court by the mortgagor of the amount due thereon, should fix a reasonable time within which the money found due should be paid.

APPEAL from a judgment of the superior court of Santa Clara County and from an order refusing a new trial.  W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, and S. F. Leib, for Appellant.

H. W. McComas, and Charles L. Witten, for Respondent.

HALL, J.—This is an action to compel the satisfaction of a note and mortgage given for $1,000, upon the payment of the balance of $260 alleged to be unpaid.  Plaintiff had judgment as prayed for.  The appeal is from the judgment and order denying defendant's motion for a new trial.  The original defendant, J. P. Trafton, died subsequently to the rendition of the judgment, and the executrix of his will has

been substituted as defendant. Plaintiff was a retail dealer in jewelry, and bought a bill of goods amounting to $1,070.41, of defendant, a wholesale dealer, and with his wife gave a note and mortgage to defendant to secure the payment of $1,000 thereof. The note bore date November 4, 1896, and by its terms was payable on or before November 4, 1901, without interest. During the next twelve months plaintiff, from time to time, purchased additional goods of defendant to the amount of $638.10, and during the same time made payments of $735. The court found the payments to be $740, but no point seems to be made of this difference; for other payments were made by plaintiff of taxes on the mortgage which brought the total payments to a sum in excess of $740, and the court found the balance to be paid on the mortgage to be $260.

The controversy concerns the application of these payments. If credited to the note and mortgage, the findings of the court were right; but if credited to the balance on the first bill, $70.41 and the succeeding purchases, the findings of the court are not sustained by the evidence. Testimony was given by plaintiff and by H. W. McComas to the effect that at the time of the execution of the note and mortgage it was distinctly agreed by defendant and plaintiff and his wife that the first moneys that should be paid by plaintiff to defendant should be credited on account of the note and mortgage, although it was contemplated at that. time that defendant should continue to supply plaintiff with such goods as he might need from time to time. Much stress seems to have been put upon this question at the trial, and counsel have discussed the question at length in their briefs. It is sufficient for us to say that on this question there is an absolute conflict of testimony, and therefore, so far as the findings of the court depend upon this question, we cannot interfere with the action of the trial court. We do not think the question last discussed, however, very important, for every debtor has a right to direct at the time of payment the application of such payments as he makes to such obligations, as he pleases. (Civ. Code, sec. 1479.) It is contended by appellant that the evidence shows without conflict that plaintiff directed the applications of the payments to current or running account, and that the payments were so applied by defendant with the

knowledge and acquiescence of plaintiff. This presents the real point upon which the determination of this case hinges.

We shall first consider the evidence as to the direction by plaintiff for the application of the payments. Plaintiff carried on his business at Gilroy, Santa Clara county, while defendant carried on business at Los Angeles, and all the payments were by check sent through the mail. There were twenty-five payments, varying in amount from $20 to $100, and each was inclosed in a letter containing a direction in substantially the following form: "Inclosed please find check for $25 [or whatever the amount] to apply on account," save the last payment, where the direction was: "Inclosed please find check for $25, for which give me credit." It is contended by appellant that the words "to apply on account" meant that the payment should be applied on the debt represented by the current account, as distinguished from the debt evidenced by the note and mortgage. But "the word 'account' has no inflexible technical meaning, being defined by Webster to mean a registry of pecuniary transactions, a written or printed statement of business dealings of debits and credits, and also of other things subjected to a reckoning or review." (*Preston Nat. Bank* v. *Purifier Co.,* 102 Mich. 462, [60 N. W. 981].) "An account is a list or statement of monetary transactions, such as payments, losses, sales, debits, credits, etc., in most cases showing a balance or result of comparison between items of an opposite nature, e. g., receipts and payments." (*Purvis* v. *Kroper,* 18 Or. 414, [23 Pac. 260]. See, also, 1 Words and Phrases Judicially Defined, under subject "Accounts.") As we shall see further on in this opinion, the very first item in the "account" kept in the books of defendant as to the monetary transactions between defendant and plaintiff was a debit item for $1,070.41, which included the $1,000 evidenced by the note and mortgage, and the same item appears in the statement of account furnished plaintiff by defendant before the beginning of this litigation. We think the import of the words "to apply on account," when referring to a remittance of a named sum, and not qualified by more definite terms, is simply that the payment made is a payment in part of a debt exceeding the amount then paid. The most that can be fairly claimed by defendant in regard to the direction contained

in the words "to apply on account" is that plaintiff at the time of the payments gave no direction as to which obligation the payments should be applied to.

This brings us to a consideration of the evidence in the record as to the application in point of fact by defendant of the payments as they were made. On this point we find a substantial conflict in the evidence. It is true that defendant testified that, "when these payments were made, I applied them on the goods he was buying on open account." As evidence of a mental process, this testimony is not conclusive against other evidence showing what was in fact done. Upon this point a written statement was furnished plaintiff by defendant prior tb the beginning of this litigation. It is dated November 14, 1901, and the first debit item is under date of November 2, 1896, and is "Bill rendered $1,070.41," which includes the $1,000 represented by the note and mortgage. This item is followed by eighteen debit items aggregating $649.16, which with the first item make a total debit of $1,719.57. The credit side of the statement begins thus: "Dec. 10, 1896, By cash, $30," followed by twenty-four like items, making a total of credits in the sum of $735, and shows a general balance of $984.57, which is the difference between the debit items of the account and the credit items thereof. This written statement furnished by defendant to plaintiff before the litigation was begun, tended to show that the payments therein set forth were by the defendant applied to the $1,000 represented by the note and mortgage.

Further, defendant testified in relation to this statement as follows: "This statement that has been introduced in evidence was furnished Mr. Frutig at his request. He wanted a statement that would show him how he stood. I made out the statement so as to *show him everything.*" (The italics are ours.) It in fact showed that the payments had been credited to the bill of goods for which the note was given. True, the books of the defendant were put in evidence, and the books correspond with the statement with the exception that the first item on the credit side reads, under the head of November 4, "Note and mortgage, $1,000," but the relative weight to be attached to the "statement" and the books of defendant were for the trial court, especially as the defendant himself testified that this credit of $1,000 for the

note and mortgage was not entered until after the recordation of the mortgage, which was March 29, 1897, four months and twenty-five days after the execution thereof. In the meantime, six cash payments had been made and credited to the account, the first debit item of which was the bill of $1,070.41. An inspection of defendant's ledger at any time prior to March 29, 1897, would have shown all payments then made credited to the item represented by the note and mortgage. The statement and the books of defendant were before the court and subject to its inspection. If there was anything suspicious or irregular in the appearance of this $1,000 credit entry, or the contrary, it was for the trial court to pass upon it, not the appellate court.

In our examination of this case we have not overlooked the evidence tending to sustain the theory of defendant, but in our discussion of the matter we have simply called attention to the evidence tending to sustain the findings of the court. There being a substantial conflict in the evidence, we cannot interfere with the action of the lower court on the motion for a new trial. (*Gilbert* v. *Penfield,* 124 Cal. 234, [56 Pac. 1107] ; *Brison* v. *Brison,* 90 Cal. 334, [27 Pac. 186] ; *Moore* v. *Douglas,* 132 Cal. 399, [64 Pac. 705] ; *Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774].) It is insisted that the judgment is erroneous for the reason that it provides for the satisfaction of the note and mortgage upon the payment into court of the sum found unpaid, without limiting any time within which such payment should be made. The mortgage was past due at the beginning of this action. We think the judgment should have fixed a reasonable time within which the money found due should be paid.

For the foregoing reasons, the order denying the motion for a new trial is affirmed, and the trial court is directed to modify the judgment by fixing a reasonable time within which the money found to be due must be paid, and as so modified, the judgment is affirmed, appellant to recover costs of the appeal.

Harrison, P. J., and Cooper, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 16, 1905.