JAMES F. CAVANAUGH ET ALS. vs. FRANK P. MARBLE.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A creditor in receiving payments of money from time to time from his debtor is bound to apply them in accordance with the known intention of the debtor. Such intention need not, however, be declared in express words; it is enough if the facts and circumstances connected with the payments are such as fairly to apprise the creditor as to which one of two or more accounts the debtor intends the payments to be applied.

The facts in the present case reviewed and *held* to warrant the conclusion that the creditor had implied or presumptive notice or knowledge of the debtor's intention in making certain payments.

One who attaches the interest of a conditional vendee in personal property stands in the shoes of the latter, and may urge any claim with respect to the application of payments made by the vendee which the vendee himself could have made.

Argued January 8th—decided March 3d, 1908.

ACTION of replevin for three horses, brought to and tried by the Superior Court in Litchfield County, *Curtis, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

*Wilbur G. Manchester* and *Frank W. Etheridge,* for the appellants (plaintiffs).

*Wellington B. Smith* and *Frank B. Munn,* for the appellee (defendant).

THAYER, J. The defendant, as appears by the finding, claimed to hold the horses in question as deputy-sheriff, upon a writ of attachment against J. R. Lucier and others,

doing business as Lucier's Minstrels. The minstrels had purchased the horses of the plaintiffs in Manchester, New Hampshire, upon a conditional bill of sale, under which the title was not to pass until the purchase price, evidenced by a note for $742.50, was fully paid in weekly instalments of $50 each.

Three weeks after this purchase the plaintiffs sold to the same parties two other horses, for $500, and received in payment a note for that amount, payable with interest on demand after date, at the plaintiffs' stables in Manchester. This note was secured by a chattel mortgage of the two horses then purchased and four other horses. It was stipulated that the horses conditionally purchased should not be taken out of Hillsborough County, N. H., without the consent of the plaintiffs; but they were soon taken into Massachusetts, and later into Connecticut, without the consent or permission of the plaintiffs. After the removal of the horses from New Hampshire, the plaintiffs had knowledge of the fact and made no effort to have them returned.

The conditional bill of sale of the horses here in question was dated May 1st, 1905. On May 9th, 1905, the minstrels made a payment to the plaintiffs of $50, and thereafter continued to make payments from time to time, at first of $50 weekly and later $25, until November 4th, 1905, when the full amount of said conditional sale had been paid. These payments, with the exception of the first one or two, were sent by check or money-order from the town where the minstrels were showing at the time, and no directions were given as to their application. It is found that the minstrels intended that these payments should be applied to the note for $742.50, and that the circumstances surrounding the two transactions between the parties to the two notes were such that they indicated to the plaintiffs and raised a fair presumption that the minstrels intended the payments to be so applied, and that they formally so declared in a letter written later to the plaintiffs and received by them prior to the bringing of this action and before the horses were attached by the defendant.

Cavanaugh v. Marble.

The plaintiffs, on the trial, produced the two notes in evidence, and it appeared on inspection of the same that some of the aforesaid payments were indorsed upon the $742.50 note and some upon the $500 note, thus leaving an apparent balance due to the plaintiffs upon each note. It did not appear when these indorsements were made upon the notes. The plaintiffs claimed that as there was no direction accompanying the payments as to the application to be made of them, the plaintiffs might rightfully apply them to either note, as they should elect, and that it did not lie in the mouth of the defendant to question the application, in the absence of evidence of any claim on the part of the conditional vendees of a misapplication.

As regards the second proposition, it is clear that the defendant could make any claim which the conditional vendees could make. He stands in their shoes as claimant of the horses. The plaintiffs claiming them must prove their title or right of possession. If the note for $742.50 was fully paid, they have no cause of action, because the title to the horses then became absolute in the vendees. To hold that the defendant could not question the claimed application of the payments by the plaintiffs, or claim that they were to be applied to this note, would be to provide a way for the vendors and vendees, by connivance, to defeat his attachment.

It is unquestionable that the debtor, in making a payment, may ordinarily direct to which of two or more debts due from him to the creditor the payment shall be applied, and if he fails to so direct the creditor ordinarily may apply it as he may elect. But it is not necessary that the debtor should direct the application in express words. If his intention as to the application appears from the facts and circumstances connected with the payment, and his purpose can be fairly implied therefrom by the creditor, that is enough. *Sawyer* v. *Tappan*, 14 N. H. 352; *Lauten* v. *Rowan*, 59 id. 215; *Roakes* v. *Bailey*, 55 Vt. 542; *Pardee* v. *Markle*, 111 Pa. St. 548, 5 Atl. 36; *Perot* v. *Cooper*, 17 Colo. 80, 28 Pac. 391; *Newmarch* v. *Clay*, 14 East, 239.

The court has found that it was always the intention of the payors that the payments should apply on the note for $742.50. We think that the court was right in its conclusion that the facts and circumstances known to the plaintiffs at the time the payments were made were such that they were bound to presume that the payments were to apply on that note. It was payable in instalments. The conditions of the sale were broken if the instalments were not paid. The first two payments were made before the existence of the mortgage note. The latter note was not payable in instalments but on demand, and no actual demand for its payment is shown. Under such circumstances the plaintiffs were not warranted in assuming that the vendees sent these payments intending that the plaintiffs might apply them to either note at their option. The court correctly held, therefore, that the note for $742.50 was fully paid, and that the title to the horses in question was absolute in the minstrels. The plaintiffs, therefore, were not entitled to the possession of the property replevied, and judgment was properly rendered against them.

It is unnecessary to consider the other questions raised by the appeal.

There is no error.

In this opinion the other judges concurred.