HARPER *v.* CONCRETE PUBLISHING CO.

1. PAYMENT—APPLICATION OF CREDITS—CONTRACTS.

Plaintiff sold all his stock, a controlling interest in a publishing corporation, reserving to himself all book accounts to June 30, 1906, except unpaid subscriptions.   After the transfer of control of defendant to the purchaser, an advertiser owing a book account to plaintiff for advertising prior to that date and a like amount to defendant for advertising subsequent to June 30, 1906, sent a check to defendant corporation which applied the payment on its account.   The check was introduced in evidence and showed an indorsement, "bal. to and including June issue," which defendant claimed was not on the check when received.   *Held*, that it was a question of fact whether the indorsement was thereafter added and in that case defendant was entitled to apply it on the account which it should elect.

2. CONTRACTS—CORPORATIONS—OFFICERS.

Whether or not plaintiff owed defendant for mileage which it was claimed he obtained in consideration of advertising after the sale of his interest was for the jury.

3. TRIAL—PREJUDICIAL ERROR.

Ruling and remarks made by the court relative to items that plaintiff claimed and that were allowed to him by defendant or by the court were not prejudicial.

Error to Wayne; Murphy, J.   Submitted February 10, 1911.   (Docket No. 155.)   Decided July 5, 1911.

Assumpsit in justice's court by David N. Harper against the Concrete Publishing Company.   Plaintiff appealed to the circuit court from a judgment for defendant on defendant's claim of set-off and recoupment.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Edward A. Barnes,* for appellant.

*James Swan,* for appellee.

BIRD, J.   This is an action in assumpsit begun in a

justice's court by plaintiff to recover for certain money items which he claimed were due him from defendant. The defendant pleaded the general issue and gave notice of set-off. A trial resulted in a verdict for defendant. In the circuit court the defendant recovered a judgment of $57.83, which was afterward reduced to $27.83 by the trial court on the hearing of a motion for a new trial. From that judgment the plaintiff assigns error in this court.

The defendant is a corporation whose business in 1906 was the publication of "Cement" a trade journal. The plaintiff was president, general manager, and director of the company, and owned all of its 600 shares save 6 qualifying shares owned by two other directors. In June, 1906, plaintiff sold all the shares of the company to Edward Kranich with the agreement that plaintiff should pay all the indebtedness of the company up to June 30, 1906, and should retain all book accounts and credits of the company except subscriptions which were in arrears. The parties made collections on each other's account as it was agreed they should do, and soon fell into differences over the ownership of certain items collected. Not being able to agree, plaintiff brought this suit, and filed a bill of particulars containing several items. The defendant filed a bill of particulars of its set-off. In passing through the two trials and the hearing upon a motion for a new trial, the plaintiff's claims were reduced to one of $37.50, paid to the defendant by the Corn Belt Manufacturing Company for advertising, and the defendant's claims were reduced to three as follows: For mileage obtained by plaintiff after June 30, 1906, from the Atchison, Topeka & Santa Fé and Southern Railways, and for an unused Erie Railway mileage book, which plaintiff failed to turn over to defendant at the time of the sale.

The Corn Belt Manufacturing Company paid defendant $37.50 for advertising, which plaintiff claimed belonged to him. The evidence disclosed that this company was in arrears to plaintiff in the sum of $37.50 for adver-

tising for the months of April, May, and June, 1906, and
that it was also in arrears to defendant in a like amount
for the months of July, August, and September, 1906.
On October 4, 1906, the company sent a check for $37.50
to pay for three months advertising and defendant applied
it upon its own account.   Plaintiff insists that it should
have been applied upon his account.   The trial court left
the question to the jury, and in doing so instructed them
as follows:

"If the indorsement upon the check was not upon it
when the defendant company received it, then, and in
that event, the defendant would be entitled, under the
evidence in his case, to apply that $37.50 upon the adver-
tising for the quarter beginning July first, because where
no direction is given by a debtor to his creditor as to how
the money which he (the debtor) pays, applies, the cred-
itor may apply it on any debt he desires.   In this case it
is claimed by the plaintiff that the check remitted, for
$37.50 at the time remitted, bore on its back the indorse-
ment that the check was in full for the quarter ending
June 30th; and, if so, the debtor had the right to direct
the application of that check upon the quarter which
expired June 30th; if, however, that indorsement was
not then upon the check, the creditor—in this case the
defendant company—could apply that check upon any
debt then owing; and it appears that the company did
apply it in payment of advertising which ran from and
after July 1st.   So, gentlemen of the jury, the sole ques-
tion and the determining question with reference to the
Corn Belt item is, Was or was not that indorsement
upon that check when it was remitted to the defend-
ant company?   If the evidence satisfies you that it was,
the plaintiff should be allowed that item.   If the evidence
does not satisfy you that the indorsement was then upon
it when received by the defendant company, plaintiff
should not be allowed that item."

Plaintiff assigns error on this instruction.   We think
the instruction was proper.   Plaintiff introduced in evi-
dence the canceled check, which showed a memorandum
on its back in writing that it was "Bal. to and including
June issue."   The defendant claimed that this memoran-

dum had been indorsed on the check after it had been returned to the Corn Belt Manufacturing Company, and to support the contention it showed that the check was sent in response to a statement for advertising for the months of July, August, and September, and offered in evidence a letter from that company referring to the check as payment for those months. Waiving the question whether the memorandum on the check was established by any competent evidence, we think the testimony of the defendant made an issue of fact for the jury.

We are also of the opinion that the question as to whether plaintiff was indebted to defendant for the mileage he obtained from the Atchison, Topeka & Santa Fé and Southern Railways after he sold his interest in the company, and as to whether the unused Erie Railway mileage the plaintiff had in his possession at the date of the sale of his stock belonged to the defendant were issues of fact, and that the trial court was not in error in submitting them to the jury.

Counsel complains of certain rulings and remarks of the trial court in relation to the claim of defendant for taxes and in relation to plaintiff's claim for money paid to Kirkham. In view of the fact that these claims were both eliminated from the case before it reached this court, we think plaintiff has no just cause for complaint. The defendant's claim for taxes was withdrawn, and plaintiff's claim for money advanced to Kirkham was allowed by the trial court on the motion for a new trial.

We have examined the record with reference to the other assignments of error, and find nothing calling for a reversal of the case.

The judgment of the trial court is affirmed.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.