## CARSON *et al.* v. COOK COUNTY LIQUOR CO.

No. 2471. Opinion Filed February 11, 1913.

(130 Pac. 303.)

1. **PAYMENT—Application—Direction by Debtor.** The general rule is that, when a creditor holds more than one claim against his debtor, the latter, on making a payment, may direct on which debt it shall be credited, and it is the duty of the creditor to so apply it.

2. **SAME—Secured and Unsecured Debts.** A debtor, when making a payment, has the primary right to direct its application to such debt as he may choose, whether secured or unsecured.

3. **SAME—Direction by Debtor.** It is not necessary that a debtor should direct application of payment at the precise time the

money is paid. A direction made prior to such payment, and not changed before or at the time payment is made, is a manifestation at the time of the intention or desire of the debtor as to the application of such payment.

4. SAME—Medium of Payment. The rule of the application of payments is not confined to payments made in money, but may include monthly credits, to which an employee is entitled, for a portion of his wages; a direction of the application being made by the employee prior to the entering of said monthly credits.

(Syllabus by Sharp, C.)

*Error from Carter County Court;*
*I. N. Mason, Judge.*

Action by the Cook County Liquor Company against A. J. Carson and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Sigler & Howard,* for plaintiffs in error.
*Orville T. Smith* and *Wm. Pfeiffer,* for defendant in error.

Opinion by SHARP, C. Plaintiffs in error, defendants below, were indebted to defendant in error, plaintiff below, on two promissory notes, one for $368.50, secured by chattel mortgage; a second for $500, which was unsecured. The note secured by the chattel mortgage was executed in the month of December, 1908; the unsecured note, in January, 1909. At the time of the execution of the notes, plaintiff in error, A. J. Carson, was a salesman in the employ of plaintiff, and it was agreed between the parties that the plaintiff was to deduct $50 per month out of each and every month's wages or earnings, the same to be credited on the said A. J. Carson's indebtedness. On the evening of the day that the second note was executed, it is claimed by said A. J. Carson that he notified David Dreeben, one of the partners of plaintiff company, that the accruing monthly credits should be applied on the secured note, and Dreeben, on behalf of the partnership, so agreed. The latter in his deposition testified that no such agreement was ever made by him as claimed by Carson. Defendant A. J. Carson continued in the employ of

the plaintiff for something over a year, and was entitled to a total credit of $625. Instead of applying the credits to the payment of the secured note, they were first applied by plaintiff to the payment of the unsecured note, and, after its payment, the balance was credited on the secured note. The case was tried before the court without the intervention of a jury. Special findings of fact and conclusions of law were made, of which the following form a part:

"I find that the defendant A. J. Carson at some time after the making of the two notes, one secured and one unsecured, to the plaintiff, requested one of the plaintiffs, Mr. Dreeben, to credit his payments, to wit, $50 a month, upon the secured note. I find, however, that the said Dreeben did not positively agree or enter into a contract so to do. I find that the defendant A. J. Carson did not make a demand for payment to be credited to the secured note at the time he made each particular payment thereon."

The conclusions of law predicated upon the findings of fact, in brief, were that the credits were properly applied, and that the plaintiff was entiteld to recover a judgment for the possession of the property mortgaged to secure the payment of the first note. In the first place, it was not necessary that any agreement be made as to the application of the payments. The general rule is that, when a creditor holds more than one claim against his debtor, the latter on making a payment has the right to direct upon which debt it shall be credited, and it is only where no direction is given that the creditor can make the application; that, where a direction by the debtor to apply payments exists at the time the payments are made, it is the duty of the creditor to so apply them. *Kent & Barnett v. Marks & Gayle,* 101 Ala. 350, 14 South. 472; *Pearce v. Walker,* 103 Ala. 250, 15 South. 568; *Bell et al. v. Bell* (Ala.) 56 South. 926, 37 L. R. A. (N. S.) 1203; *Farris et al. v. Morrison,* 66 Ark. 318, 50 S. W. 693; *Briggs v. Steele,* 91 Ark. 458, 121 S. W. 754; *Wendt v. Ross,* 33 Cal. 650; *Frutig v. Trafton,* 2 Cal. App. 47, 83 Pac. 70; *Perot v. Cooper,* 17 Colo. 80, 28 Pac. 391, 31 Am. St. Rep. 258; *Boyd v. Agricultural Ins. Co.,* 20 Colo. App. 28, 76

Pac. 986; *Nichols v. Culver,* 51 Conn. 177; *Cavanaugh et al. v. Marble,* 80 Conn. 389, 68 Atl. 853, 15 L. R. A. (N. S.) 127; *Pickering v. Day,* 2 Del. Ch. 333; *Randall v. Parramore & Smith,* 1 Fla. 409; *Green v. Ford,* 79 Ga. 130, 3 S. E. 624; *Austin v. Southern Home Loan Ass'n,* 122 Ga. 439, 50. S. E. 382; *Dorris Lbr. Co. v. Cummins,* 157 Ill. App. 10; *Murphy v. Schnell,* 248 Ill. 182, 93 N. E. 738; *Barrett v. Sipp et al.* (Ind. App.) 98 N. E. 310; *Huffman et al. v. Cauble,* 86 Ind. 591; *Trentman v. Fletcher et al.,* 100 Ind. 105; *Conduitt et al. v. Ryan,* 3 Ind. App. 1, 29 N. E. 160; *First Nat. Bank v. Hollingsworth,* 78 Iowa, 575, 43 N. W. 536, 6 L. R. A. 92; *Irwin v. Paulett,* 1 Kan. 418; *Koehler v. Bierbaum* (Ky.) 122 S. W. 524; *Howard v. London Mfg. Co.,* 72 S. W. 771, 24 Ky. Law Rep. 1934; *Slaughter & Crosby v. Milling,* 15 La. Ann. 526; *Blake v. Sawyer,* 83 Me. 129, 21 Atl. 834, 12 L. R. A. 712, 23 Am. St. Rep. 762; *Starrett v. Barber,* 20 Me. 457; *Treadwell v. Moore,* 34 Me. 112; *Trustees of Church v. Heise & Co. et al.* 44 Md. 455; *Lee v. Early,* 44 Md. 80; *Reed v. Boardman,.* 20 Pick. (Mass.) 441; *Ramsey v. Warner,* 97 Mass. 8; *Blair v. Carpenter et al.,* 75 Mich. 167, 42 N. W. 790; *Harper v. Concrete Pub. Co.,* 166 Mich. 429, 131 N. W. 1112; *Solomon v. Drescher,* 4 Minn. 278 (Gil. 197); *Crisler v. McCoy,* 33 Miss. 445; *Sparks v. Jasper County,* 213 Mo. 218, 112 S. W. 265; *Burchard v. Western Commercial Travelers Ass'n,* 139 Mo. App. 606, 123 S. W. 973; *Murray v. Schneider,* 64 Neb. 484, 90 N. W. 206; *City of Lincoln v. Lincoln St. R. Co.,* 67 Neb. 469, 93 N. W. 766; *Parks v. Ingram,* 22 N. H. 283, 55 Am. Dec. 153; *Bean v. Brown,* 54 N. H. 395; *Benson v. Reinshagen et ux.,* 75 N. J. Eq. 358, 72 Atl. 954; *Marsh v. Vanness,* 75 N. J. Eq. 607, 74 Atl. 47; *Seymour v. Marvin,* 11 Barb. (N. Y.) 80; *New York, etc., Brewing Co. v. Angelo,* 144 App. Div. 655, 129 N. Y. Supp. 713; *Lee v. Manley,* 154 N. C. 244, 70 S. E. 385; *Bank v. Roberts et al.,* 2 N. D. 195; 49 N. W. 722; *Eureka Ins. Co. v. Duble,* 3 Ohio Dec. (Reprint) 316; *Stewart et al. v. Hopkins, et al.,* 30 Ohio St. 502; *Trullinger v. Kofoed,* 7 Ore. 228, 33 Am. Rep. 708; *Risher v. Risher,* 194 Pa. 164, 45 Atl. 71; *Wardlaw v.*

*Troy Oil Mill,* 74 S. C. 368, 54 S. E. 658, 114 Am. St, Rep. 1004; *Hopper v. Hopper,* 61 S. C. 124, 39 S. E. 366; *Fulton et al. v. Davidson et al.,* 3 Heisk. (Tenn.) 614; *White v. Blakemore,* 8 Lee (Tenn.) 49; *Bussey v. Grant's Adm'r et al.,* 10 Humph. (Tenn.) 238; *John B. Bonner Memorial Home v. Collin County Nat. Bank,* 57 Tex. Civ. App. 313, 122, S. W. 430; *Robinson et al. v. Doolittle et al.,* 12 Vt. 246; *Ayer v. Hawkins,* 19 Vt. 26; *Chapman v. Commonwealth,* 66 Va. 721; *Pope v. Transparent Ice Co.,* 91 Va. 79, 20 S. E. 940; *Post-Intelligencer Pub. Co. v. Harris,* 11 Wash. 500, 39 Pac. 965; *Ross-Higgins Co. v. Rook,* 65 Wash. 546, 118 Pac. 744; *Hempfield R. Co. v. Thornburg,* 1 W. Va. 261; *Johnston et al. v. Northwestern Live Stock Ins. Co.,* 107 Wis. 337, 83 N. W. 641; 30 Cyc. 1228; 4 Enc. L. & P. 1058; 2 A. & E. Enc. L. 435; *The Memnon,* 62 Fed. 482, 23 U. S. App. 647, 10 C. C. A. 502; *Field et al. v. Holland et al.,* 6 Cranch, 8, 3 L. Ed. 136; *Tayloe v. Sandiford,* 7 Wheat. 13, 5 L. Ed. 384; *United States v. Kirkpatrick et al.,* 9 Wheat, 720, 6 L. Ed. 199; *Jones v. United States,* 7 How, 681, 12 L. Ed. 870; *Nat. Bank of New York v. Mechanics' Nat. Bank,* 94 U. S. 439, 24 L. Ed. 178. It is, therefore, immaterial that the plaintiff did or did not agree or consent to the debtor's request. The money was due, and belonged to Carson, and he had a right to direct upon which note monthly credits should be made.

Nor is the rule of the application of payments affected by the fact that one of the debts owing is secured, while the other is unsecured. *Green v. Ford,* 79 Ga. 130, 3 S. E. 624; *Briggs v. Steel,* 91 Ark. 458, 121 S. W. 754; *Kent & Barnett v. Marks & Gayle,* 101 Ala. 350, 14 South. 472; *Howard v. London Mfg. Co.,* 72 S. W. 771, 24 Ky. Law Rep. 1934; *Marsh v. Vanness et al.,* 75 N. J. Eq. 607, 74 Atl. 47; *Lee v. Manley,* 154 N. C. 244, 70 S. E. 385; *Baum v. Trantham,* 42 S. C. 104, 19 S. E. 973, 46 Am. St. Rep. 697; *John B. Bonner Memorial Home v. Collin County Nat. Bank,* 57 Tex. Civ. App. 313, 122 S. W. 430; *Post-Intelligencer Pub. Co. v. Harris et al.,* 11 Wash. 500, 39 Pac. 965.

It was not necessary that Carson should direct the appli-

cation of the payments at the precise time that the payments were made or credits entered. This he could do beforehand. Having once notified the creditor upon what debt the credits should be entered, it was unnecessary to repeat this notice at the end of each month, or on each pay day. *Petty v. Dill,* 53 Ala. 641; *Wendt v. Ross,* 33 Cal. 650; *Bank v. Roberts et al.,* 2 N. D. 195, 49 N. W. 722; *Taylor et al. v. Jones,* 1 Ind. 17; *Huffman v. Cauble,* 86 Ind. 591; *Burchard v. Western Commercial Travelers' Ass'n,* 139 Mo. App. 606, 123 S. W. 973; *Wittkowsky v. Reid,* 82 N. C. 116; *Baum v. Trantham,* 42 S. C. 104, 19 S. E. 973, 46 Am. St. Rep. 697; *Reynolds et al. v. McFarlane,* 1 Tenn. (1 Overt.) 488; 4 Enc. L. & P. 1061; 2 A. & E. Enc., L. 444; 30 Cyc. 1230.

It is insisted, however, by counsel for plaintiff in error that the performance of work by a debtor for the creditor is not a payment within the rule allowing the debtor to direct the application of payment to a particular debt. Treating the payment made as services rendered, the general rule is to the contrary, as it is not necessary that the payment be made in money. It may be made in notes, or property, or labor. 4 A. & E. Enc. L. & P. 1057. In *Smith v. Vaughn,* 78 Ala. 201, the obligations given by the defendant were for cotton as the consideration or price of lands. It was held that the rules applicable to the deliveries of cotton were the same as to general payments, where a debtor owes two or more debts to the same person. In *State v. Thomas,* 33 N. C. 251, the payment was in horses and cattle received as money, and it was held that the general rule of the application of payments applied. In *Ross v. Crane et al.,* 74 Iowa, 375, 37 N. W. 959, the plaintiff had purchased a span of horses and given a note and chattel mortgage thereon in payment, which were at once assigned. The day following he agreed in writing with the asignee to work for him, and his wages should be applied in payment of the note. Sufficient work was done to pay the note, when the assignee credited the amount on another account, and sold the note and mortgage to a third

person, who seized the team. It was held in an action to recover the horses that earnings of the plaintiff under the contract were a payment of the mortgage. Other cases in point are *Murray v. Schneider*, 64 Neb. 484, 90 N. W. 206; *Martin v. Draher*, 5 Watts (Pa.) 544; *Young v. Harris*, 36 Ark. 162.

For the foregoing reasons, the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.