S. CULLEN HANFORD v. L. D. ROBERTSON, EX'R ET AL.

*Application of payments—Decree for debt matured pending foreclosure.*

A man gave two promissory notes, dated alike and secured by a mortgage, though one of them was also secured by surety. *Held*, on foreclosure, that the one secured by mortgage only must be first satisfied before the proceeds of a sale of the land could be applied to the payment of the other.

Where a mortgage securing two notes is foreclosed before one of them has fallen due, its amount may nevertheless be included in the decree, if it falls due before the decree is rendered.

Appeal from Van Buren. Submitted Oct. 12–13. Decided Oct. 19.

FORECLOSURE.   Defendants appeal.   Affirmed.

*Jonathan G. Parkhurst* for complainant.

*A. J. Mills* and *O. W. Rowland* for defendants.

MARSTON, C. J.   The bill of complaint in this case was
filed to foreclose a mortgage given to secure the payment of
two promissory notes bearing date August 21st, 1875 ; one
being for $700 payable September 1, 1876, and signed by
L. D. Robertson and Samuel Robertson as makers, and one
for $2800, payable on or before the 1st day of September,
1880, signed by L. D. Robertson.   At the time the bill of
complaint was filed, April, 1878, the $700 note and interest
thereon was due, and certain interest was also due and
unpaid upon the $2800 note.

In the bill of complaint it is set forth that L. D. Robert-
son applied for a loan of $3500 and offered to secure pay-
ment of the same by a mortgage upon the lands in question ;
that complainant declined to loan that amount upon the
security offered, but did offer to loan that amount, and look
to such security for $2800 thereof, and that for the remain-
ing $700 he must have some additional security ; that this
was agreed to and the $700 note was signed in accordance
with such agreement by Samuel Robertson.

Proofs were taken in the case, and on the 17th day of
February, 1881, a decree was rendered in favor of the com-
plainant for the full amount of the two notes with the
unpaid interest thereon ; ordering a sale of the mortgaged
premises, and directing that in case the proceeds were insuf-
ficient to pay the entire indebtedness, that the $2800 note
and interest should first be paid, the balance if any to be
applied on the $700 note, and in case of a deficiency that
the amount thereof be reported, so that the personal liability
of the makers might be resorted to.

From this decree an appeal was taken, and it was here
insisted that the $700 note should first be paid out of the
proceeds arising from the sale of the mortgaged premises.

This indeed is the real and only question of any importance
in the case.

The principal facts are not seriously disputed and could
not well be.    To adopt the course now asked by defendants
would be to cut off complainant's additional security, and
compel a payment of the amount of the $700 note out of
the assets designed for the security and payment of the
larger note and to that extent ask the complainant to reduce
his security for the benefit of his surety.    This clearly could
not have been the intention; on the contrary we must ren-
der the security given available by applying the proceeds
upon the larger note in the first instance.

It is also claimed that at the time the bill was filed the
$2800 note was not due, and that the amount thereof
should not have been included in the decree.    At the time
the decree was rendered this note was past due and was
therefore properly included.

In computing the amount due on the $700 note a mistake
was made.    It is now conceded that the correct amount was
$971.60 instead of $1031.19 and the decree should be cor-
rected accordingly, and as thus corrected it will be affirmed
with costs.

The other Justices concurred.