[No. 1775. Decided July 26, 1895.]

R. E. SMYTHE, *Treasurer*, *Respondent*, v. THE NEW ENGLAND LOAN AND TRUST COMPANY, *Appellant*.

#### APPLICATION OF PAYMENTS — SECURED DEBTS — GUARANTY.

While the law, as a general proposition, will apply payments made upon an indebtedness, without any direction, to the interest before the principal, yet, in case the interest debt should rest upon better security than the principal debt, the rule applying payments upon interest first would yield to the rule that the debt having the more precarious security will have the preference in the application of payments.

One liable as guarantor for the prompt payment of interest on a mortgage bond, cannot, in an action upon the guaranty, after a foreclosure sale which failed to realize the full amount of principal and interest due, set up the defense that the moneys realized must be applied first, in the absence of express direction, to the interest due.

*Appeal from Superior Court, Pierce County.*

*Doolittle & Fogg*, for appellant.

*Clise & King*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This suit was brought by plaintiff and respondent against defendant and appellant for the

amount of interest alleged to be due on a certain promissory note for $5,000, secured by a mortgage made by Dougherty and wife, in favor of appellant, and by appellant assigned to the respondent herein for $5,000. The assignment of the note was in the following words:

" For value received this bond for $5,000, signed by Thomas A. Dougherty and Eliza A. Dougherty, his wife, is hereby assigned by the New England Loan & Trust Company unto R. E. Smythe, Treas., or order, without recourse, save that it guarantees, first, the prompt payment of interest thereon at eight per cent. per annum, payable semiannually until the principal is fully paid; second, the payment of the principal within two years from maturity," etc.

The remaining portion of the second provision is not of importance in the discussion of this case.

In the complaint in this action the respondent alleged that the interest coupon note due March 22, 1893, and certain other coupon notes were unpaid; that under the terms of the mortgage the holder was entitled to declare the principal note due on the default of any interest coupon, and that exercising his option he had done so, duly serving notice upon the New England Loan & Trust Company, Thomas A. Dougherty and Eliza A. Dougherty, and had demanded of the said Thomas A. Dougherty and Eliza A. Dougherty and the New England Loan & Trust Company the payment of the whole principal sum and the interest accrued at the time of the demand. The said demand not being complied with, the respondent proceeded to foreclose said mortgage, and the mortgaged property was duly sold under such foreclosure proceedings for the sum of $3,500, and the sum of $3,483.90 was credited on the judgment in said action. The respondent further alleges that there was

still due to him upon the said judgment the sum of $2,405.50, with interest. He sued the appellant, the New England Loan & Trust Company, thereafter as guarantor, for the amount of interest claimed to be due.

An answer was filed by defendant, placing at issue the material allegations of the complaint, alleging as an affirmative defense the payment of certain insurance money. The reply was a denial of the affirmative defense. The case went to trial on these pleadings and judgment was rendered in favor of the respond-. ent for the sum of $435. From this judgment an appeal was taken to this court.

The only questions involved in this case arise from the law of the application of payments. It is the contention of the appellant that the money made upon the foreclosure proceedings should have been applied, first, to the extinguishment of the interest coupon notes. As a matter of fact it was applied upon the original notes and the judgment in the present case is for the interest.

Many cases are cited by the appellant, the propositions of law announced in which cannot be disputed. It is primary law that the debtor may direct the application of a payment to any account he sees fit; that if the debtor makes no application of the payment, then the creditor may apply it to any liquidated demand due and payable. This is so far as voluntary payments are concerned. It is equally well settled that in a case of involuntary payment the court will make an equitable application of the payment, and it seems to be undisputed as a general proposition that the law will impute the payment to interest before principal.

But the respondent invokes another principle in this case and one that was acted upon by the court,

viz., that the debt having the more precarious security will be extinguished in preference to another. This principle is announced in 5 Am. & Eng. Enc. Law, p. 200. Also, in *Johnson's Appeal*, 37 Pa. St. 268; *Field v. Holland*, 6 Cranch, 8; *Hanford v. Robertson*, 47 Mich. 100 (10 N. W. 125).

Under the guaranties in this case the prompt payment of interest was contracted for, while the original debt was not to be paid for two years, and it is urged by the respondent that the security for the original debt was not as safe by reason of the long lapse of time as the security for the interest. While theoretically it might be hard to draw this distinction, yet, as a practical effect, considering the liability of corporations to dissolve or to become insolvent, we think we should not interfere with the discretion of the court in making this application.

But, outside of this proposition, it is doubtful if the appellant could raise an objection to the application of these payments under any circumstances. All the cases cited are with reference to the payor and payee. For instance, the law announcing the fact that the court shall make an equitable application, also announces the rule that the court must base it, so far as possible, upon the ascertainment of what the real intention of the parties was, the parties being the parties paying and receiving the payment. In this case it was the defendant in the first instance that had a right to make the application of this payment, not the appellant here, who had nothing to do with the payment of the money. The appellant was notified of the fact that this interest was not paid at the time it became due. It thereby violated its contract by not paying it, and it cannot assume to control the direction of Dougherty and wife, who, in contemplation of law, made the pay-

ment which was applied upon the principal note in the mortgage foreclosure suit. It would have been competent for Dougherty and wife, if they had paid that amount voluntarily, to have directed the payment to apply upon the note instead of the interest, and the appellant here could have raised no legal objection to such application. It would even have been competent, under the authorities, in case no application had been made by Dougherty and his wife, for the respondent to have made the application himself, and he may have even made it in prejudice of the rights of this guarantor. 2 Daniel, Negotiable Instruments, § 1250, and cases cited. This being the case, then, the appellant in this case, it seems to us, has no grounds for complaint.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.