[No. 8367. Department One. November 27, 1909.]

OTTO BEYER, *Respondent*, v. MARY P. BULLOCK *et al.*,
*Appellants*.[1]

PLEADING—DEMURRER—JOINDER IN. A general demurrer by two
or more defendants should be overruled if the complaint states a
good cause of action against either defendant.

PAYMENT—APPLICATION—FAILURE TO DIRECT. Where a defendant
in two suits paid $600 to the attorneys representing the plaintiffs in
both suits, upon an agreement that both suits be dismissed, defend-
ant cannot claim error in the application of half the sum to each
claim, where she failed to direct the application at the time of pay-
ment.

Appeal from a judgment of the superior court for King
county, Morris, J., entered December 28, 1908, upon findings
in favor of the plaintiff, in an action on contract, after a trial
before the court without a jury. Affirmed.

*Geo. McKay*, for appellants.
*Oliver F. Cutts*, for respondent.

GOSE, J.—This action was commenced for the purpose of
foreclosing a lien upon two blocks of corporation stock, evi-
denced by separate certificates, and to have the appellant
Mary P. Bullock personally held as a trustee for certain
dividends, which it was alleged she had received on the stock
and failed to account for or pay over. The respondent held
one of the certificates by a direct assignment from Walter
F. Plunkett, the appellant's intestate, and the other, together
with the indebtedness it secured, by assignment from Charles
H. Beyer, to whom it had been assigned by Plunkett. Each
of the certificates was assigned by Plunkett as security for
certain indebtedness. After Plunkett had assigned the one
certificate to the respondent, he assigned his interest in it to
the appellant, subject to the indebtedness which it secured.

[1]Reported in 105 Pac. 155.

The title to the Charles H. Beyer certificate, subject to the indebtedness against it, was owned by Plunkett at the time of his death. The appellants jointly demurred to the complaint, on the ground that several causes of action had been improperly united. The demurrer being overruled, they answered jointly, renewing the objection. There was a decree for the plaintiff, from which this appeal was taken.

The first error is assigned to the overruling of the demurrer. Where two or more defendants unite in a demurrer to the complaint and a good cause of action is stated against one or more of them, the demurrer will be wholly overruled, and the same rule will be applied to an answer. Pomeroy, Code Remedies (3d ed.), §606. A good cause of action was stated against the appellant as administratrix of the Plunkett estate, and the demurrer was therefore properly overruled.

Prior to the commencement of the action, the respondent and Charles H. Beyer each commenced an action against the appellant, as administratrix, to require her to pay certain dividends, which in each case it was alleged she had received on the stock. These suits were commenced before Charles H. Beyer had assigned his certificate to the respondent. Thereafter and on April 4, 1907, the appellant administratrix paid to the attorneys for the plaintiffs therein, they being each represented by the same counsel, the sum of $600 for the purpose of having the suits dismissed. A receipt was given her at the time of payment, stating that the money had been paid in the two cases. One-half the payment was applied upon the indebtedness in favor of the respondent, and the balance was applied upon the indebtedness in favor of Charles H. Beyer. This action was commenced in December, 1907, and about eight months after such payment. The contention is now made that the entire $600 was the individual money of the appellant Bullock, and that it should all be applied upon the indebtedness secured by the stock she now owns. She made no such claim at the time of pay-

ment.   At that time she not only failed to direct the application of the money, but accepted a receipt in her representative capacity.   This is made clear by the testimony of the attorney to whom she made the payment.   It further appears from his testimony, and is not denied,' that the money was paid upon the distinct agreement that both suits should be dismissed.   We think, in view of that fact, the money was correctly applied, and the judgment will therefore be affirmed.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., concur. MORRIS, J., took no part.