[No. 10992.  Department Two.  June 13, 1913.]

CRANE COMPANY, *Respondent*, v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*.[1]

MECHANICS' LIENS—CONTRACTOR'S BOND — LIABILITY — GOODS RETURNED. A contractor's liability upon an indemnity bond given pursuant to Rem. & Bal. Code, § 1159, conditioned to pay all laborers or materialmen "all just debts, dues and demands incurred in the performance of the work" is not dependent upon his right to claim a lien under Id., § 1129; hence extends to materials ordered and sold in good faith but not actually used, where no right was reserved to return goods not actually used.

PAYMENT—APPLICATION—SECURED DEBTS. Where a contractor has an open account with a materialman for goods supplied for various jobs, payments made without any directions as to their application may be applied by the materialman as he sees fit, and need not be applied to a debt secured by an indemnity bond.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 13, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on an indemnity bond. Affirmed.

*McClure & McClure (Joseph A. M'Caleb,* of counsel), for appellant.

*Walter S. Fulton,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering upon an indemnity bond. The plaintiff, Crane Company, and the defendant United States Fidelity & Guaranty Company are both foreign corporations, but authorized to do business in the state of Washington. The defendant H. Sweeney transacted business under the name of H. Sweeney & Company.

On June 25th, 1910, Seattle School District No. 1, King county, contracted for the construction of an annex to the

[1] Reported in 132 Pac. 872.

public school building in the city of Seattle, which is known
as the Broadway High School. The contract for the instal-
lation of the plumbing in this annex was awarded to
H. Sweeney & Company. The United States Fidelity & Guar-
anty Company, for the purpose of protecting and indemni-
fying the school district from claims and demands of labor-
ers, mechanics, subcontractors, materialmen, etc., as pro-
vided by ch. 207, Laws of 1909, p. 716 (Rem. & Bal. Code,
§ 1159; P. C. 309 § 93), executed and delivered to the dis-
trict the bond upon which this action is based. The bond was
conditioned that the contractor, H. Sweeney & Company,
"shall faithfully perform and fully complete said contract, ac-
cording to the terms, conditions and covenants therein con-
tained, and shall pay all laborers, mechanics, subcontractors
or materialmen and all persons furnishing provisions and sup-
plies for the carrying on of said work, all just debts, dues and
demands incurred in the performance of said work, and when
completed shall surrender and deliver the same to said Seattle
School District No. 1, free from all liens, claims or demands
whatsoever, then this obligation shall be null and void;
otherwise to remain in full force and effect."

Between the 16th day of August, 1910, and the 21st day
of August, 1911, the plaintiff, at the special instance and
request of H. Sweeney & Company, sold and delivered to
him for installation in the high school annex, plumbing goods
and supplies of the reasonable and agreed value of $5,866.81,
against which amount a credit of $183.07 was allowed. These
supplies were contracted for by H. Sweeney & Company in
good faith and in substantially the amount needed to equip
the building. In like good faith, goods of the kind and
quantity ordered were delivered at the building by the plain-
tiff. On the heading of the invoice forms on which the goods
were billed appears the following: "Terms cash with ex-
change on Seattle;" also, "interest after maturity at the
rate of ten per cent per annum." After the completion of
the building, of the goods which had been furnished by the

plaintiff, there remained not used remnants to the value of $364.12, as testified to by one witness, and $824.42, as testified to by another. These goods had remained for some months exposed to the elements and were not in the same new condition as when delivered. H. Sweeney & Company claimed the right to redeliver these remnants to the plaintiff and receive credit therefor. This the plaintiff denied, and refused to accept or receive them.

On August 16, 1910, and prior thereto, H. Sweeney & Company had a current, open and running account with the plaintiff for goods sold and delivered. On this account were charged goods furnished for other jobs than the one here in question. In fact, all goods sold by the plaintiff to H. Sweeney & Company, both before and after August 16, 1910, and up to and including the date of the furnishing of the last materials for the high school annex, were charged upon this account. From time to time payments were made upon the account. On the last day of each month, interest against the balance of the account shown on the first day of such month at the rate of ten per cent per annum, was charged and added to the account, thus compounding the interest monthly at the rate of ten per cent per annum. Subsequent to August 16, 1910, the plaintiff made sales of materials to H. Sweeney & Company amounting to $15,989.56, of which $5,703.74 was for goods sent to the high school job. During this period, Sweeney & Company paid the plaintiff the sum of $9,623.78, and received credit from other sources of $10,-489.96. The trial court found that there was a balance due the plaintiff on the account, exclusive of all credits, in the sum of $8,735.49, and that entering into this amount was $1,600 interest which had been figured upon all jobs, including the one in question, and that the interest charged upon the price of the goods that went into the high school contract was $366.36 at the time of the commencement of the action. Judgment was entered in the sum of $5,703.74, with interest thereon at the legal rate from December 11, 1911,

that being the date when the plaintiff in writing notified School District No. 1 that it had a claim against the bond taken from H. Sweeney & Company. Motion for new trial being made and overruled, the cause is brought here on appeal.

The first point urged by the appellant is that it was entitled to a credit of $824.42 for the material which was not used in the building. Much space in the briefs is devoted to argument and the citation of authorities upon what is the proper construction of Rem. & Bal. Code, § 1129 (P. C. 309 § 53), which gives a right of lien for labor performed or material furnished upon private work. But it does not seem to us that either the argument or the authorities cited bearing upon the construction of this statute are germane in the present case, as this is an action not to foreclose a lien for materials furnished to be used in a building, but is for the purpose of recovering upon an indemnity bond, conditioned, as above set out, that the contractor will pay materialmen all just debts, dues and demands incurred by the contractor in the performance of the work. It is not denied that H. Sweeney & Company ordered the goods for which recovery is sought and in the kind and quantities supplied; neither is the price thereof questioned. In addition, there is no claim that, in the contract Sweeney & Company made with the respondent, the right was reserved to return any goods which were not made use of in the building. It seems plain, therefore, that the debt incurred for these materials was an obligation of H. Sweeney & Company which was guaranteed by the bond.

The appellant's second contention is relative to the application of payments made upon the account. No direction was given as to their application, and of the moneys which the respondent received from H. Sweeney & Company after the 16th day of August, 1910, no part of it, as shown by the evidence, was applied upon the charge for materials for the high school job. Sweeney & Company not having di-

rected the application of any of the payments, the respondent had the right to apply them as it saw fit. In *Hughes & Co. v. Flint*, 61 Wash. 460, 112 Pac. 633, it is said: .

"It is undoubtedly the rule, as is contended by appellant, that, if no direction is made by a debtor who owes several accounts, the creditor may apply a payment as he sees fit; and if there be no direction or specific application by the creditor, the law will apply it to the oldest account."

This is the rule when payment is made to the obligee in a bond which had been given to secure future debts. And if payment is made to the obligee without direction as to its application, he is not required to apply it upon the debt secured by the bond. *Post-Intelligencer Co. v. Harris*, 11 Wash. 500, 39 Pac. 965.

It is finally urged that the interest charges, being compounded from month to month, were illegal and void. This question does not appear to be material at the present time. The judgment entered was for $5,703.74, which was the price and value of the materials, and interest was allowed only from the 21st day of December, 1911, which was the date of the notice to the school district that the respondent relied upon the bond, and then only at the legal rate.

The judgment will therefore be affirmed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.